# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

## FILED

October 18, 1999

Cecil Crowson, Jr.

Appellate Court Clerk

| | | |
|---|---|---|
| RONALD BRADFORD WALLER, | ) | |
| | ) | 03A01-9903-CH-00100 |
| Plaintiff/Appellant | ) | |
| | ) | |
| vs. | ) | Appeal As Of Right From The |
| | ) | HAMILTON CO. CHANCERY COURT |
| MELINDA BRYAN and | ) | |
| WILLIAM H. COX, III, | ) | |
| | ) | HON. W. FRANK BROWN, III |
| Defendants/Appellees. | ) | CHANCELLOR |

**For the Appellant:**                                    **For the Appellee Melinda Bryan:**
RONALD BRADFORD WALLER            PHILLILP A. NOBLETT
Pro Se                                                      LAWRENCE W. KELLY
                                                              Chattanooga, TN 37402

AFFIRMED                                                                        Swiney, J.

## O P I N I O N

This appeal results from an attempt by Ronald Bradford Waller [Appellant], a Tennessee

prison inmate, to secure copies of photographs taken during the investigation of his criminal case which are in the possession of the Chattanooga Police Department. Appellant filed his petition in the Chancery Court of Hamilton County under the Tennessee Public Records Act while his post-conviction proceeding was pending before the Tennessee Court of Criminal Appeals. The Chancellor dismissed the case, finding that Appellant's discovery rights in the criminal case are governed by T.C.A. § 40-3-209 and Supreme Court Rule 28, which do not provide for a petition in Chancery Court. We affirm.

While the Appellant and the Appellees each state the issues presented for review somewhat differently, they are in agreement as to what the real heart of these issues presented for review is. The first issue is whether Appellant can obtain through the Tennessee Public Records Act copies of documents maintained in the Appellees' files while his post conviction proceeding is pending, or whether both his right to obtain these documents and the procedure to be followed to obtain these documents are controlled instead by T.C.A. § 40-3-209 and Supreme Court Rule 28. The second issue is whether or not the Appellant's inability to show up in person at the Chattanooga Police Department "for inspection" of the records prohibits him from obtaining copies of identified records.

## BACKGROUND

Ronald Bradford Waller is an inmate at a Tennessee prison since his conviction in April 1992 on two counts of first degree murder, one count of especially aggravated robbery, and one count of theft of property over one thousand dollars.

On May 10, 1996, Appellant filed a petition for post-conviction relief, which was denied by the Trial Court on March 17, 1997. He filed a notice of appeal of the Trial Court's ruling, and on October 15, 1998, the Court of Criminal Appeals filed an Opinion in that appeal, holding that:

> Without reaching the merits of the appellant's petition, we find it necessary to remand this cause to the trial court as the posture of this case, the lack of adequate findings of fact and conclusions of law by the trial court, and the State's failure to respond to the supplemental brief prevent us from completing any kind of meaningful review.

* * *

For these reasons, this cause is remanded solely for the purpose of permitting the trial court to enter its findings of fact and conclusions of law as to each ground alleged in the appellant's petition. No further filings or supplemental pleadings by either party shall be permitted at the post-conviction level. Once the trial court enters its order, the appellant may be appointed counsel for purposes of appeal, if he so desires. Irrespective of his position regarding counsel, only one brief to this court will be permitted. The briefs previously filed by the parties in this appeal will not be considered.

On October 26, 1998, Appellant filed a Petition to Rehear the Post-Conviction case, which was denied by the Court of Criminal Appeals on November 3, 1998. On February 23, 1999, the record was withdrawn by Hon. Douglas Meyer for consideration and further action as required by the Opinion of the Court of Criminal Appeals of October 15, 1998. On June 10, 1999, the record was returned to the Clerk of the Court of Criminal Appeals.

The Court of Criminal Appeals, on August 10, 1999, ordered Appellant's criminal conviction record and Post-Conviction Procedure Act record combined and established a docket number in the Court of Criminal Appeals "for future references and filings." Appellant filed a pro se brief in that case on August 26, 1999, and the record was sent to the office of the Attorney General on that date for preparation of their brief, which as shown in the record before us has not been received by the Court of Criminal Appeals. Clearly, the Appellant's Post-Conviction case is still pending.

On September 9, 1998, Appellant mailed a "Public Records Act Request" to Lt. Melinda Bryan, records custodian of the Chattanooga Police Department, requesting copies of photographs taken in the investigation of his murder/robbery case. He acknowledged that his post-conviction case was pending: "Unfortunately they [the photos] will be of no benefit, as my appeal is already filed. In fact, the Court of Criminal Appeals will hear my case on September 30, 1998. I do wish to obtain copies of these records to assist in the preparation of, and presentation of issues, in a Federal Habeas Corpus." The request was denied by the Chattanooga Police Department on November 13, 1998, because Appellant's post-conviction appeal was pending.

On December 10, 1998, Appellant filed his "Verified Petition" in the Chancery Court for Hamilton County, asking that court to order the Appellees to furnish him the requested photographs, and stating, "[t]here are no pending criminal proceedings relating to the public records identified in Exhibit-A.

The records identified in Exhibit-A relate to an investigation that has been closed and a prosecution that has ended, in *State v. Waller,* Cases Nos. 186377, 78, 79, and 80, Hamilton County."

Appellant's "Verified Petition" was heard by the Chancellor on February 1, 1999, upon the Appellee Bryan's motion to dismiss under Rule 12.02(6), T.R.C.P., for failure to state a claim upon which relief can be granted, and/or motion for judgment on the pleadings pursuant to Rule 12.03, T.R.C.P. The Chancellor also considered Appellant's "Declaration of Ronald Bradford Waller,"[1] and his Response in Opposition to Defendant's Motion, as well as Memoranda of Law submitted by the parties. The matter was taken under advisement, and on February 18, 1999, the Chancellor filed a Memorandum Opinion and Order denying Appellant's "Verified Petition," finding that:

> Thus, it appears that Supreme Court Rule 28, which was adopted first on November 17, 1995 and amended twice in 1996, and T.C.A. § 40-3-209 control discovery in post-conviction procedures. Both of these authorities are state laws. Both are subsequent to the cited court decisions [in the parties' Memoranda of Law] allowing discovery of police records in post-conviction proceedings. This court agrees that any discovery should be through the trial or appellate courts considering the post-conviction petition. Ronald Bradford Waller has filed his request with the wrong court. Therefore, his petition is denied and shall be dismissed.

## DISCUSSION

Our standard of review of a trial court's decision on a motion to dismiss under Rules 12.02(6) and 12.03, T.R.C.P. is well-settled. We are to construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Our review of the lower court's legal conclusions is *de novo* with no presumption of correctness. *Stein v. Davidson Hotel Co.,* 945 S.W.2d 714, 716 (Tenn. 1997).

We first address the issue raised by the Appellees, i.e. whether or not Appellant's inability to present himself in person to inspect and request copies of the documents prohibits him from obtaining those copies if he is otherwise entitled to receive them under the Public Records Act.

It is this Court's duty to apply rather than construe the language of the Public Records Act, since the intent of the Legislature is represented by clear and unambiguous language. *See*

*Cammuse v. Davidson Co. District Attorney,* No. 01A01-9709-CH-00503 (Tenn. App., filed March 24, 1999 [no appl. perm. app.]). While Appellees do not have an obligation to review and search their records pursuant to a Public Records Act request, they do have the clear obligation to produce those records for inspection, unless otherwise provided by state law, and to provide a copy or copies of any such record requested by such citizen, upon the payment of a reasonable charge or fee therefor. *See Tennessean v. Electrical Power Board of Nashville*, 979 S.W.2d 297, 303 (Tenn. 1998). If the citizen requesting inspection and copying of the documents can sufficiently identify those documents so that Appellees know which documents to copy, a requirement that the citizen must appear in person to request a copy of those documents would place form over substance and not be consistent with the clear intent of the Legislature. The adoption of the Appellees' position would mean that any citizen who was unable to personally appear before the records custodian would be unable to obtain copies of the documents pursuant to the Public Records Act. This restriction would prohibit all Tennessee citizens who are unable, because of health reasons or other physical limitations, to appear before the records custodian from obtaining copies of public documents pursuant to the Public Records Act. Such a result is not consistent with the clear intent of the Legislature, and this Court will not interpret this statute in such a way as to prohibit those citizens, or those citizens incarcerated, from the rights provided by the Public Records Act. Appellees can fix a charge or fee per copy so as to recover the actual cost of producing and delivering the copies. *Id.*

If a citizen can sufficiently identify the documents which he wishes to obtain copies of so as to enable the custodian of the records to know which documents are to be copied, the citizen's personal presence before the record custodian is not required. However, the records custodian is not required under the Public Records Act to make the inspection for the citizen requesting the documents. The citizen, to be able to obtain copies of those documents without making a personal inspection, must sufficiently identify those documents so that the records custodian can produce and copy those documents without the requirement of a search by the records custodian. The records custodian can require a charge or fee per copy that will cover both the costs of producing the copies and delivering the

copies. It is the opinion of this Court that such was the intent of the Legislature.

We now turn to the issue of whether Appellant can obtain, through the Tennessee Public Records Act, copies of documents maintained in the Appellees' files while his post-conviction proceeding is pending. Appellant's Petition admits that his Post-Conviction case was pending before the Court of Criminal Appeals at the time his Petition was filed in the Chancery Court, but argues that "the mere pendency of the appeal from collateral proceedings, and the intent to file a Federal Habeas Corpus, does not make the file one relevant to any pending or contemplated criminal action . . . *Capital Case Resource Center v. Woodall,* C.C.A. [sic-Tenn. App.] No. 01-A-01-9104-CH-00150, Opinion Filed January 29, 1992 [*no appl. perm. app*.]." Appellant argues the requested copies of photographs must be provided under the Public Records Act, even though they would not have to be provided if the criminal action were "pending."

This Court in *Woodall* stated, "[t]he principal issue in this appeal is whether a prosecution file is exempt from public inspection under the Public Records Act where the person convicted of the crime, after exhausting all avenues of direct appeal, has filed a post-conviction relief proceeding, specifically a petition for the writ of habeas corpus in federal court." The Court then restated the issue as whether the pendency of a federal habeas corpus proceeding, i.e., a *collateral* attack on the conviction has the effect of *re-opening* the case in the sense that a Public Records Act request to inspect documents in the possession of the district attorney general should be regarded as the equivalent of a *pre-trial* discovery request subject to the provisions of Rule 16(a)(2), Tenn. R. Crim. P. The court held that "on these facts, Rule 16(a)(2) of the Tennessee Rules of Criminal Procedure does not exempt the file from public inspection pursuant to the Public Records Act."

Unfortunately for the Appellant, the Legislature, after this Court's opinion in *Woodall*, adopted the Post Conviction Procedure Act codified at T.C.A. § 40-3-201, *et seq.* in 1995. Additionally, Tennessee Supreme Court Rule 28 was first adopted on November 17, 1995, and later amended in 1996. Application of T.C.A. § 40-3-201 *et seq.* and Tennessee Supreme Court Rule 28 are dispostive of the appeal.

Appellees contend that the Public Records Act provides that a custodian of government records shall not refuse a citizen the right to inspect such records, ". . . *unless otherwise provided by state law."* T.C.A. § 10-7-503(a). Appellees argue that because Appellant's post conviction appeal was pending at the time of Appellant's document request, his access to the records of the Chattanooga Police Department relating to the investigation of criminal cases brought against him *is otherwise provided by state law;* i.e., T.C.A. § 40-30-209 and Supreme Court Rule 28. Therefore, Appellees contend that any discovery of police records by Mr. Waller should be through the trial or appellate courts which are contemporaneously considering his post-conviction petition, rather than under the Public Records Act. As to *Capital Case Resource Center v. Woodall, supra,* Appellees argue, and the Chancellor held:

> The real question in this case is whether the Legislature's adoption of the Post-Conviction Procedure Act, T.C.A. § 40-30-201 *et seq.,* which was passed in 1995 and became effective on May 10, 1995, and the Supreme Court's adoption of its Rule 28, Tennessee Rules of Post-Conviction procedure, change the result dictated by the *Freeman, Jackson* and *Woodall* decisions.[2]

Finding that the Post-Conviction Act and Rule 28 had both been enacted subsequent to the cited court decisions, the Chancellor then held that any discovery should be through the trial or appellate courts considering the post-conviction petition. "Ronald Bradford Waller has filed his request with the wrong court."

**T.C.A. § 10-7-503(a)** provides:

(a) All state, county and municipal records and all records maintained by the Tennessee performing arts center management corporation, except any public documents authorized to be destroyed by the county public records commission in accordance with § 10-7-404, shall at all times, during business hours, be open for personal inspection by any citizen of Tennessee, and those in charge of such records shall not refuse such right of inspection to any citizen, *unless otherwise provided by state law* (emphasis added).

**T.C.A. § 10-7-507** provides:

**Records of convictions of traffic and other violations - Availability.**
Any public official having charge or custody of or control over any public records of convictions of traffic violations or any other state, county or municipal public offenses shall make available to any citizen, upon request, during regular office hours, a copy or copies of any such record requested by such citizen, upon the payment of a reasonable charge or fee therefor. Such official is authorized to fix a charge or fee per copy that

would reasonably defray the copy of producing and delivering such copy or copies.

Appellees contend that Appellant's request does not fall within the ambit of the above-cited Public Records Act because the records he requested are covered by the provision "otherwise provided by state law," TCA § 10-7-503(a). Appellees contend that the state law which is "otherwise provided" is the Post-Conviction Procedure Act, T.C.A. § 40-30-209(b) and Tennessee Supreme Court Rule 28.

The relevant portion of T.C.A. § 40-30-209(b) is as follows:

(b) Discovery is not available in a proceeding under this section except as provided under Rule 16 of the Tennessee Rules of Criminal Procedure.

Rule 16, Tennessee Rules of Criminal Procedure provides:

**(a)(1)(C ) Documents and Tangible Objects.** Upon request of the defendant, the state shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the state, and which are material to the preparation of the defendant's defense or are intended for use by the state as evidence in chief at the trial, or were obtained from or belong to the defendant.

**(a)(2) Information Not Subject to Disclosure.** Except as provided in paragraphs (A), (B), and (D) of subdivision (a)(1), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal state documents made by the district attorney general or other state agents or law-enforcement officers in connection with the investigation or prosecution of the case, or of statements made by state witnesses or prospective state witnesses.

Supreme Court Rule 28, the Tennessee Rules of Post-Conviction Procedure, provides, as pertinent:

**§ 6. Procedure After Petition Filed.**

**(B) Court Obligations -**

(3) In the event a colorable claim is stated, the judge shall enter a preliminary order which:

(c ) directs disclosure by the state of all that is required to be disclosed under Rule 16 of the Tennessee Rules of Criminal Procedure, to the extent relevant to the grounds alleged in the petition, and any other disclosure required by the state or federal constitution;

**(C)  Petitioner's and State's Obligations -**

(7)  Upon receiving the court's preliminary order, the state shall provide to petitioner discovery of all those items deemed discoverable under Rule 16, Tennessee Rules of Criminal Procedure, if relevant to the issues raised in the post-conviction petition, and shall provide any other disclosure required by the state or federal constitution.

**§ 7.  Discovery & Production of Evidence.**

**(A)  Discovery -**  The state shall provide discovery in accordance with Section 6(C)(7).

**(B)  Production of Documents -** The court may require any clerk of any Tennessee court to furnish copies of documents, orders, or records to petitioner or to file the documents in the clerk's office at the state's expense.

.

The Tennessee Post-Conviction Procedure Act, T.C.A. § 40-30-201 *et seq.,* enacted in 1995, specifically provides that Rule 16 is applicable to discovery in Tennessee post-conviction cases. If the Legislature had wanted the Public Records Act to control discovery in Tennessee post-conviction proceedings, it could have so provided.  The Legislature instead made Rule 16 applicable to Tennessee post-conviction proceedings.  Additionally, Supreme Court Rule 28, first adopted on November 17, 1995, specifically provides that Rule 16, along with other disclosures required by the state or federal constitution, will control the discovery in Tennessee post conviction proceedings.  Rule 28 also details the procedure to be followed in post-conviction discovery.

T.C.A. § 40-30-209 and Supreme Court Rule 28 are part of the "state law" of Tennessee. Together they provide both what is discoverable and how it is discoverable in a Tennessee post-conviction proceeding.  These procedures, rights, and restrictions on post- conviction proceedings discovery fit Appellant's document request directly in the "unless otherwise provided by state law" category.

If this Court were to adopt Appellant's argument, we would by judicial action amend T.C.A. § 40-30-209(b) so as to delete that provision of the Post Conviction Act that "discovery is not

available in a proceeding under this section except as provided under Rule 16 of the Tennessee Rules of Criminal Procedure." If this amendment is to be made, it should be made by the Legislature and not this Court.

Adoption of the Appellant's position would also require us to ignore the controlling provisions of Supreme Court Rule 28 which dictate the procedure for the Court, the petitioner, and the state to follow concerning discovery under Rule 16 of the Tennessee Rules of Criminal Procedure in a post-conviction proceeding. While, from time to time, we might wish it were so, the Tennessee Supreme Court has not delegated to this Court the authority to amend the rules of the Tennessee Supreme Court. If such changes are to be made, they must be made by the Legislature and the Tennessee Supreme Court rather than by this Court.

## CONCLUSION

The judgment of the Trial Court is affirmed and this cause is remanded to the Trial Court for such further proceedings, if any, as may be required, consistent with this Opinion, and for collection of the costs below. The costs on appeal are assessed against the Appellant.

_____
D. MICHAEL SWINEY, J.

**CONCUR:**

_____

HOUSTON M. GODDARD, P.J.

_____
HERSCHEL P. FRANKS, J.