IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 18, 2001 Session

## HAROLD LEE JACKSON v. JIM ROUT, Mayor of Shelby County, ET AL.

A Direct Appeal from the Chancery Court for Shelby County
No. CH-00-0776-3     The Honorable D. J. Alissandratos, Chancellor

_____

No. W2000-02974-COA-R3-CV - Filed November 26, 2001

_____

Citizen filed a petition against county mayor, county sheriff, and county commissioner of public records alleging that he was not furnished the records that he had requested. The trial court sustained the respondent's motion to dismiss for failure to state a claim upon which relief can be granted. Petitioner appeals. We reverse.

Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY KIRBY LILLARD, J., joined.

Harold Lee Jackson, Pro Se

Donnie E. Wilson, Shelby County Attorney; Renee Allen-Walker, Senior Assistant County Attorney, For Appellees

**OPINION**

Petitioner, Harold Lee Jackson, filed a petition in chancery court pursuant to the Tennessee Public Records Act against Jim Rout, Mayor of Shelby County, A. C. Gilless, Sheriff of Shelby County, and Helen R. Wren, Commander of Records and Identification Department of Shelby County Sheriff's Office. The petition avers that it is filed pursuant to T.C.A. § 10-7-505 to require respondents to show cause why he was denied request for access to public records. The petition alleges that he has reason to believe that while he was incarcerated in the Shelby County jail in 1974 he was subjected to an experiment and described the technology as "nanotechnology." The petition alleges that on February 20, 2000, he wrote the sheriff's office requesting access to public records related to the alleged experiment. He alleges that he was advised by letter from the sheriff's office that a search of the records would be made for $18.00 and that he sent an eighteen dollar money order for the search. He avers that he received a reply April 6, 2000, but that it "had nothing to do

with my request, so the sheriff of Shelby County jail public information office's reply was denying my request." He avers that the information sent was his criminal arrest record with no information whatsoever concerning any experiment or anything of that nature. He alleges that the respondents violated the open records act.

On May 26, 2000, respondents filed a motion to dismiss pursuant to Tenn.R.Civ.P. 12.02 (6) for failure to state a claim upon which relief can be granted or in the alternative for summary judgment. The motion states in pertinent part:

> 1. The Complaint fails to state a claim upon which relief may be granted.
>
> 2. There is no genuine issue of material fact, and Respondents are entitled to summary judgment as a matter of law.
>
> 3. Respondents have no knowledge of "Nanotechnology," no records related to it, nor have Respondents conducted any "Nanotechnology" experiments on Petitioner.
>
> 4. The Complaint is frivolous, and is not warranted by existing law or facts.
>
> 5. Respondents rely upon their Memorandum submitted to the Court, and upon the Affidavit filed with the Court.

The record does not contain the affidavit referred to in the motion; therefore, the matter is considered as a 12.02 (6) motion. The trial court's order specifically provides that the ground for dismissal is failure to state a claim upon which relief can be granted. The only issue on appeal is whether the trial court erred in dismissing the petition.

A motion to dismiss a complaint for failure to state a claim upon which relief can be granted tests the legal sufficiency of the complaint. It admits the truth of all relevant and material allegations but asserts that such allegations do not constitute a cause of action as a matter of law. ***Riggs v. Burson***, 941 S.W.2d 44 (Tenn. 1997). Obviously, when considering a motion to dismiss for failure to state a claim upon which relief can be granted, we are limited to the examination of the complaint alone. ***See Wolcotts Fin. Serv., Inc. v. McReynolds***, 807 S.W.2d 708 (Tenn. Ct. App. 1990). The basis for the motion is that the allegations in the complaint considered alone and taken as true are insufficient to state a claim as a matter of law. ***Cornpropst v. Sloan***, 528 S.W.2d 188 (Tenn. 1975). In considering such a motion, the court should construe the complaint liberally in favor of the plaintiff, taking all the allegations of fact therein as true. ***Cook Uithoven v. Spinnaker's of Rivergate, Inc.***, 878 S.W.2d 934 (Tenn. 1994).

T.C.A. § 10-7-503 (Supp. 2000), dealing with the opening of all public records for inspection by citizens of the state, provides in pertinent part:

> (a) Except a provided in § 10-7-504(f), all state, county and municipal records and all records maintained by the Tennessee performing arts center management corporation, except any public documents authorized to be destroyed by the county public records commission in accordance with § 10-7-404, shall at all times, during business hours, be open for personal inspection by any citizen of Tennessee, and those in charge of such records shall not refuse such right of inspection to any citizen, unless otherwise provided by state law.

*        *        *

The procedure for enforcing the right of inspection is provided for in T.C.A. § 10-7-505 (1999), which states in pertinent part:

> (a) Any citizen of Tennessee who shall request the right of personal inspection of any state, county or municipal record as provided in § 10-7-503, and whose request has been in whole or in part denied by the official and/or designee of the official or through any act or regulation of any official or designee of any official, shall be entitled to petition for access to any such record and to obtain judicial review of the actions taken to deny the access.

> (b) Such petition shall be filed in the chancery court for the county in which the county or municipal records sought are situated, or in any other court of that county having equity jurisdiction. . . . Upon filing of the petition, the court shall, upon request of the petitioning party, issue an order requiring the defendant or respondent party or parties to immediately appear and show cause, if they have any, why the petition should not be granted. A formal written response to the petition shall not be required, and the generally applicable periods of filing such response shall not apply in the interest of expeditious hearings. The court may direct that the records being sought be submitted under seal for review by the court and no other party. The decision of the court on the petition shall constitute a final judgment on the merits.

*        *        *

A review of the petition filed in this case reveals that there is no allegation that the petitioner requested the right of personal inspection of the records, nor is there any allegation that those in charge of the records refused any right of inspection requested by the petitioner. However, this Court has previously ruled that strict compliance with the "personal appearance" requirement of the statute is not required. In ***Waller v. Bryant***, 16 S.W.3d 770 (Tenn. Ct. App. 1999), one of the issues presented for review was whether the inability of the person seeking the records "to present himself in person to inspect and request copies of the documents prohibits him from obtaining those copies if he is otherwise entitled to receive them under the public records act." In this regard, the Court said:

> It is this Court's duty to apply rather than construe the language of the Public Records Act, since the intent of the Legislature is represented by clear and unambiguous language. ***See Cammuse v. Davidson Co. District Attorney***, No. 01A01-9709-CH-00503 (Tenn. App., filed March 24, 1999 [no appl. perm. app.]). While Appellees do not have an obligation to review and search their records pursuant to a Public Records Act request, they do have the clear obligation to produce those records for inspection, unless otherwise provided by state law, and to provide a copy or copies of any such record requested by such citizen, upon the payment of a reasonable charge or fee therefor. ***See Tennessean v. Electrical Power Board of Nashville***, 979 S.W.2d 297, 303 (Tenn. 1998). If the citizen requesting inspection and copying of the documents can sufficiently identify those documents so that Appellees know which documents to copy, a requirement that the citizen must appear in person to request a copy of those documents would place form over substance and not be consistent with the clear intent of the Legislature. The adoption of the Appellees' position would mean that any citizen who was unable to personally appear before the records custodian would be unable to obtain copies of the documents pursuant to the Public Records Act. This restriction would prohibit all Tennessee citizens who are unable, because of health reasons or other physical limitations, to appear before the records custodian from obtaining copies of public documents pursuant to the Public Records Act. Such a result is not consistent with the clear intent of the Legislature, and this Court will not interpret this statute in such a way as to prohibit those citizens, or those citizens incarcerated, from the rights provided by the Public Records Act. Appellees can fix a charge or fee per copy so as to recover the actual cost of producing and delivering the copies. ***Id.***

***Id.*** at 773-74.

It appears from the exhibits to appellant's petition in the trial court that identifying data was furnished concerning the records sought and that the records custodian had agreed to furnish records for the payment of the fee. Respondents' motion to dismiss states in part:

> 3. Respondents have no knowledge of "Nanotechnology," no records related to it, nor have Respondents conducted any "Nanotechnology" experiments on Petitioner.

No affidavit, nor any other type of sworn testimony was filed by respondents. T.C.A. § 10-7-505 (c) provides as follows:

> (c) The burden of proof for justification of nondisclosure of records sought shall be upon the official and/or designee of the official of those records and the justification for the nondisclosure must be shown by a preponderance of the evidence.

Therefore, the complaint states a cause of action upon which relief can be granted. Certainly, this does not indicate in any way a decision on the merits of the case.

Accordingly, the order of the trial court dismissing appellant's petition is reversed, and the case is remanded to the trial court for such further proceedings as necessary. Costs of the appeal are assessed against the respondents, Jim Rout, Mayor of Shelby County; A.C. Gilless, Sheriff of Shelby County Jail; and Helen R. Wren, Commander of Public Records at the Shelby County Jail.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.