IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 21, 2002

## OMAWALI  ASHANTI  SHABAZZ, a/k/a FRED EDMOND DEAN v. GREELEY WELLS, ET AL.

**Appeal from the Circuit Court for Sullivan County**
**No. 2720     R. Jerry Beck, Judge**

**FILED JULY 31, 2002**

**No. E2001-02315-COA-R3-CV**

In this suit, wherein Omawali Ashanti Shabazz, a/k/a, Fred Edmond Dean, seeks to acquire certain materials held in the office of the District Attorney General.  The Trial Court denied the relief he sought because, under Tenn.R.Crim. P. 16, he was not entitled to the material while a post-conviction proceeding was pending.  We affirm.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., joined.

Omawali Ashanti Shabazz, a/k/a Fred Edmond Dean, *Pro Se*

Paul G. Summers, Attorney General & Reporter, Michael E. Moore, Solicitor General, and Michael A. Meyer, Assistant Attorney General, Nashville, Tennessee, for the Appellees

**OPINION**

Omawali Ashanti Shabazz, a/k/a Fred Edmond Dean, files suit seeking access to files in the possession of Greeley Wells, District Attorney General, and Barry Staubus, his Assistant, relating to criminal charges which had been brought against him.

The Defendants filed a Rule 12 motion to dismiss, which the Trial Judge treated as a motion for summary judgment, having considered matters which he deemed to be beyond the allegations of the original suit.  Upon consideration of the briefs filed by the parties, the Trial Court concluded that disposition of the case was controlled by Waller v. Bryan, 16 S.W.3d 770 (Tenn. Ct. App.

1999), wherein this Court held that when a post-conviction proceeding was pending a party could not avail himself of the provisions of Tenn.R.Crim.P. 16.[1]

Mr. Shabazz appeals contending that he was convicted of two charges, one for second degree murder and the second for attempted second degree murder. He points out that although the post-conviction proceeding was still pending as to the second charge, one was not as to the first.

In addressing this issue on Mr. Shabazz's motion to alter or amend, the Trial Court made the following observations with which we concur:

### Analysis

1. *Waller v. Bryant* seems to stand for the theory that a uniform practice should exist and the theory put forward is that only one or the other means of discovery should exist where a post-conviction petition is pending a final decision.

2. Considering that the two crimes arose from the same exact incident as to time, place, and motive, it would seem doubtful that the Court of Criminal Appeals intended that there be a deviation because one such charge might become final. Such a finding as suggested by the plaintiff could result in some strange proceeding. For example, a defendant might be convicted of murder by use of an automobile and also driving the vehicle without proper registration. At the completion of his thirty day sentence for violation of registration, he then seeks the entire district attorney's file on the theory that his Class C misdemeanor case was complete. Such a ruling would defeat the purposes of our discovery rules.

**Finding**. Although the plaintiff has raised a novel issue, the result he seeks would defeat the purposes of the *Tennessee Rules of Criminal Procedure.*

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Mr. Shabazz.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE

---

[1] (a)(2). Information Not Subject to Disclosure. -- Except as provided in paragraphs (A), (B), and (D) of subdivision (a) (1), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal state documents made by the district attorney general or other state agents or law-enforcement officers in connection with the investigation or prosecution of the case, or of statements made by state witnesses or prospective state witnesses.