IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 22, 2014 Session

## WILLIAM BARRY WOOD v. KARLA DAVIS, COMMISSIONER OF TENNESSEE DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT, ET AL.

Appeal from the Chancery Court for Davidson County
No. 121229II     Carol L. McCoy, Chancellor

No. M2013-00400-COA-R3-CV - **Filed June 5, 2014**

The Tennessee Department of Labor and Workforce Development hired plaintiff in 2007 as an executive service appointment. The Department terminated his employment in 2011. In August 2012, Plaintiff filed a complaint based on 42 U.S.C. § 1983, alleging a violation of his due process rights. The trial court found that the statute of limitations for § 1983 actions had expired. Plaintiff appealed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and RICHARD H. DINKINS, J., joined.

Michael E. Terry and Stephanie H. Gore, Nashville, Tennessee, for the appellant, William Barry Wood.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; and Mary Byrd Ferrara, Assistant Attorney General; for the appellees, Karla Davis, Individually and Officially as Commissioner of the Tennessee Department of Labor and Workforce Development, et al.

# OPINION

The Tennessee Department of Labor and Workforce Development (the "Department") hired William Barry Wood on November 16, 2007 as a Workers Compensation Specialist. The letter notifying him of his hiring specified that the position was in the executive service. The Department never classified him as a career service employee. The Department terminated his employment on August 26, 2011 without prior notice or a hearing. During the time of his employment,[1] state employees were classified as either executive service or career service employees. The statutes entitled career service employees, but not executive service employees, to due process protections.

On August 24, 2012, Wood filed a complaint based on 42 U.S.C. § 1983 against the Department's Commissioner, the Deputy Commissioner, and the Personnel Director of the Workers' Compensation Division in their individual and official capacities and against the Commissioner of the Department of Human Resources in her official capacity. The complaint alleged a violation of Wood's due process rights because the four named defendants and their predecessors illegally designated him as an executive service employee.

The defendants answered and moved for judgment on the pleadings under Tenn. R. Civ. P. 12.03. The trial court granted the motion, finding that:

> The complaint asserts no facts, which would entitle plaintiff, an unclassified employee who served as a member of the executive service and at the pleasure of the employer, to possess a property interest in his employment with the Department of Labor. The complaint also lacks allegations against the individual defendants regarding their participation in the classification process and in the denial of the administrative hearing.
>
> The court further finds that the complaint fails to assert any claims against defendants which are not barred by sovereign immunity and/or qualified immunity, and it fails to assert facts which establish that plaintiff suffered a constitutional violation resulting from any action of defendants Davis, Malone, and Francis, individually. The complaint fails to assert facts that establish that plaintiff has suffered a constitutional violation resulting from any action of defendants.
>
> The Court further finds that the complaint fails to assert facts that establish a timely claim for a 42 U.S.C. § 1983 civil rights violation in connection with plaintiff's classification as an executive service employer

---

[1] After Wood's termination, the civil service statutes were repealed and replaced with the Tennessee Excellence, Accountability, and Management Act of 2012.

2

because plaintiff was classified as an executive service employee in November 2007. The Court finds that the plaintiff's claim accrued in November 2007 and was barred one year later.

Wood appealed, arguing that his claim was timely filed and that he did not assert any claims against the appellees that are barred by sovereign immunity.

### STANDARD OF REVIEW

Judgment on the pleadings is proper when the facts alleged in the complaint, even if proven, do not entitle the plaintiff to relief. *Waller v. Bryan*, 16 S.W.3d 770, 773 (Tenn. Ct. App.1999). In considering such a motion, the court must generally consider "as true 'all well-pleaded facts and all reasonable inferences drawn therefrom'" alleged by the non-moving party. *Cherokee Country Club, Inc. v. City of Knoxville*, 152 S.W.3d 466, 470 (Tenn. 2004) (quoting *McClenahan v. Cooley*, 806 S.W.2d 767, 769 (Tenn. 1991)).

### ANALYSIS

The statute of limitations for civil rights actions is governed by state law. *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003). In Tennessee, it is one year. Tenn. Code Ann. § 28-3-104(a)(3). Federal standards govern when the statute of limitations begins to run. *See Wilson v. Garcia*, 471 U.S. 261, 267 (1985); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). This court has previously quoted with approval the following principles:

> Ordinarily, the "discovery rule" applies to establish the date on which the statute of limitations begins to run, *i.e.*, the date when the plaintiff knew or through the exercise of reasonable diligence should have known of the injury that forms the basis of his action. *Sevier*, 742 F.2d at 273. This test is an objective one, and the Court determines "what event should have alerted the typical lay person to protect his or her rights." *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991).

*Trent v. Anderson*, E2009-02064-COA-R3-CV, 2010 WL 3155193, at *4 (Tenn. Ct. App. Aug. 10, 2010) (quoting *Sharpe*, 319 F.3d at 266).

Wood maintains that the one year statute of limitations did not start running until his employment was terminated. He views his termination without due process as the injury. His classification as an executive service employee, however, is what permitted the termination to occur as it did. We agree with the learned chancellor, who determined that the claim accrued in November 2007 at the time of the alleged erroneous classification.

3

When Wood filed suit on August 24, 2012, the one year statute of limitations had already run.

Our concurrence with the trial court that the statute of limitations had run by the filing of Wood's complaint on August 24, 2012 pretermits the need to discuss the sovereign immunity issue.

Costs of appeal are assessed against the appellant, for which execution may issue, if necessary.

_____
ANDY D. BENNETT, JUDGE