IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 22, 2014 Session

## WILLIAM BARRY WOOD v. KARLA DAVIS, COMMISSIONER TENNESSEE DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT, ET AL.

Appeal from the Chancery Court for Davidson County
No. 120185II      Carol L. McCoy, Chancellor

No. M2013-01008-COA-R3-CV - **Filed June 5, 2014**

The Tennessee Department of Labor and Workforce Development hired plaintiff in 2007 as an executive service appointment. The Department terminated his employment in 2011. He petitioned for a declaratory order stating that his position was actually career service and, therefore, he was entitled to notice and a hearing pursuant to the Uniform Administrative Procedures Act. The order was denied. He filed a chancery court petition for declaratory and injunctive relief. The trial court held that his job classification was not reviewable under the facts of this case. He appealed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and RICHARD H. DINKINS, J., joined.

Michael E. Terry and Stephanie H. Gore, Nashville, Tennessee, for the appellant, William Barry Wood.

Robert E. Cooper, Jr., Attorney General and Reporter and Mary Byrd Ferrara, Assistant Attorney General; for the appellees, Karla Davis, Individually and Officially as Commissioner of the Tennessee Department of Labor and Workforce Development, et al.

## OPINION

On November 16, 2007, the Department of Labor and Workforce Development (the "Department") hired William Barry Wood. The Department gave him "an executive service appointment to the classification of Workers Compensation Specialist 4." During the time of his employment,[1] state employees were classified as either executive service or career service employees. The statutes entitled career service employees, but not executive service employees, to due process protections. The Department terminated Wood's employment on August 26, 2011without prior notice or a hearing.

Pursuant to the Uniform Administrative Procedures Act ("UAPA"), Wood petitioned the Department of Human Resources for a declaratory order "that [his] employment position classification with the Department was and should [be] career service employee and that [he] be immediately afforded career service due process." The petition alleged that Wood's classification as an executive service employee was illegal. The Department of Human Resources denied the petition by letter dated December 21, 2011.

On February 6, 2012, Wood filed a chancery court petition for declaratory and injunctive relief under the UAPA, Tenn. Code Ann. §§ 4-5-223 and 225, and under 42 U.S.C. § 1983. The petition named the Commissioner and Deputy Commissioner of the Department of Labor and Workforce Development, the Director of the Workers' Compensation Division and the Commissioner of the Department of Human Resources as defendants. Wood sought a declaration that he was a career service employee, reinstatement, back pay, lost benefits and "an order prohibiting Defendants from taking any further employment action without due process of law."

The defendants filed a motion for judgment on the pleadings pursuant to Tenn. R. Civ. P. 12.03. The trial court granted the motion, finding that the § 1983 claim was barred by the one year statute of limitations. The trial court further held that Wood's "job classification as an Executive Service Employee, under these facts, is not reviewable by this Court pursuant to the express language of Tenn. Code Ann. § 8-30-208(d)." Woods appealed the trial court's rulings.

### STANDARD OF REVIEW

Judgment on the pleadings is proper when the facts alleged in the complaint, even if proven, do not entitle the plaintiff to relief. *Waller v. Bryan*, 16 S.W.3d 770, 773 (Tenn. Ct.

---

[1]After Wood's termination, the civil service statutes were repealed and replaced with the Tennessee Excellence, Accountability, and Management Act of 2012.

App.1999). In considering such a motion, the court must generally consider "as true 'all well-pleaded facts and all reasonable inferences drawn therefrom'" alleged by the non-moving party. *Cherokee Country Club, Inc. v. City of Knoxville*, 152 S.W.3d 466, 470 (Tenn. 2004) (quoting *McClenahan v. Cooley*, 806 S.W.2d 767, 769 (Tenn. 1991)).

ANALYSIS

Wood defines the primary issue in this case as whether the trial court has authority to review this matter and issue a declaratory judgment and other remedial relief. In support of an affirmative answer to the primary issue, Wood makes three assertions.

First, Wood maintains that "[t]his court has specifically found that an employee may seek declaratory relief to determine [the employee's] classification." He relies on *Morris v. Correctional Enterprises of Tennessee*, No. 01-A-01-9612-CH00543, 1997 WL 671988 (Tenn. Ct. App. Oct. 29, 1997), and *Armstrong v. Tennessee Department of Veterans Affairs*, 959 S.W.2d 595 (Tenn. Ct. App. 1997). In both of these cases, a state employee was hired into the career service and later reclassified to the executive service. *Armstrong*, 959 S.W.2d at 596; *Morris*, 1997 WL 671988 at *1. *Armstrong* held that such reclassification triggered minimum due process. *Armstrong*, 959 S.W.2d at 598. In *Morris*, the court explained *Armstrong* as "based upon the nature of constitutional due process which will not permit a property interest, once bestowed, to be arbitrarily taken away." *Morris*, 1997 WL 671988, at *5 n.2. The instant fact situation is distinguishable, in that Wood was never classified in the career service, and, therefore, was never "bestowed" any due process rights.

Wood's situation is similar to that of the Shelby County employees in *Kizer v. Shelby County Government*, 649 F.3d 462 (6th Cir. 2011). A new general sessions clerk terminated the employment of three employees of the general sessions clerk's office who had always been in unclassified[2] positions. *Id*. at 465. They had accepted their jobs knowing they were in unclassified positions. *Id*. at 467. The three employees filed suit, maintaining that they had been miscategorized as holding unclassified positions and that their positions should have been labeled classified positions. *Id*. at 465. The Sixth Circuit held: "Because the Appellants were not hired pursuant to the procedures bestowing classified status upon an employee, they failed to show that they have a constitutionally protected property interest in their employment. And, without a legitimate property interest, the Due Process Clause offers no procedural protections to these former employees." *Id*. at 468. Like the employees in *Kizer*, Wood accepted the job knowing the classification as executive service, worked for

---

[2]Persons in unclassified positions had no property rights in maintaining their jobs and could be terminated summarily. Persons in classified positions had a protectable property interest in their employment. *Kizer*, 649 F.3d at 466.

several years without trying to do anything about it, and complained only when he was terminated.[3] He had no property interest that was protected.

Wood's second assertion is that 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution give the chancery court authority to act. However, in a companion case, *Wood v. Davis*, No. M2013-00400-COA-R3-CV, issued contemporaneously, this court holds that the claim accrued in November 2007 at the time of the alleged erroneous classification. Thus, by the time Wood began to challenge his termination, the one year statute of limitation for § 1983 actions had already run.

Wood's third assertion is that the chancery court is not barred from reviewing the classification issue in this case by Tenn. Code Ann. § 8-30-208(d). In light of our decision that Wood never had any right to a hearing because he was always classified as an executive service employee, we need not address the application of Tenn. Code Ann. § 8-30-208(d).

Costs of appeal are assessed against the appellant, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE

---

[3]One commentator explained *Kizer* as follows:

> [e]ven if county employees were inappropriately categorized as "unclassified employees" who under state law lacked a property interest, because plaintiffs held their positions for many years without requesting a change of status, they were properly considered unclassified employees who had no property interest in maintaining their jobs, and who could be terminated summarily[.]

Ivan E. Bodensteiner and Rosalie Berger Levinson, 1 STATE AND LOCAL GOVERNMENT CIVIL RIGHTS LIABILITY, § 1:18 n.25 (2013).