IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Brief May 20, 2015

## FORD MOTOR CREDIT COMPANY, LLC v. ALICE MCCORMICK-JACKSON

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-14-05693     Oscar C. Carr, III, Chancellor**

—————————

**No. W2014-02485-COA-R3-CV – Filed June 16, 2015**

—————————

This is an appeal from the trial court's order granting Appellee's motion for judgment on the pleadings in a breach of contract case.  After the trial court granted Appellee's motion, Appellant filed a notice of appeal *pro se*.  Due to deficiencies in Appellant's brief, we are unable to address the issues she raises on appeal.  We therefore affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Alice McCormick-Jackson, Memphis, Tennessee, *Pro se*.

Charles D. Waller, Knoxville Tennessee, for the appellee, Ford Motor Credit Company, LLC.

## MEMORANDUM OPINION[1]

### I. Background

Appellant Alice McCormick-Jackson ("Jackson") entered into a contract for the purchase of a vehicle from Dobbs Ford Lincoln Mercury at Wolfchase on December 2,

---

[1]Tennessee Court of Appeals Rule 10 provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse, or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

2009. The contract was subsequently assigned to Appellee Ford Motor Credit Company LLC ("Ford Credit"). Jackson signed the contract as a co-buyer, and her business, Event World, LLC, was listed as the buyer. The record indicates that she intended to use the vehicle as a work vehicle for her business.

Under the contract, Jackson was required to make a total of 48 monthly installment payments of $903.61. However, sometime after she took possession of the vehicle, Jackson was diagnosed with a chronic illness, which eventually led her to close her business. By June 2010, Jackson had fallen very behind on her payments, and Ford Credit made attempts to repossess the vehicle.

On April 8, 2014, Ford Credit filed suit against Jackson to collect the debt in the Chancery Court of Shelby County. In its complaint, Ford Credit alleged that Jackson failed to make all agreed upon monthly payments and that Jackson therefore breached the contract, resulting in $28,621.87 in damages. Jackson filed an answer, *pro se*, to Ford Credit's complaint and stated, in relevant part:

1. Ford Motor Credit Company violated the Fair Debt Collection Practices Act by not accepting any payments on the loan, except a full payoff of $28,621.87. Ford Motor Credit Company collection agents stated that I could send in payments, but they were still going to repossess the vehicle, unless they received a full payoff of $28,621.87. Andrea in Ford Motor Credit's Recovery Department stated that she did not have time to figure out a settlement amount, she wants to repossess the vehicle.

2. I never signed as a personal guarantor for this loan. However, after being diagnosed with incurable illnesses of Congestive Heart Failure and Cancer, along with loss of business sales, I had to close Event World LLC. Despite those facts, I made countless attempts to pay this debt and make amends with Ford Motor Credit Company. However, my payments were refused by Ford Motor Credit representatives, as well as Stone & Hinds. I was told that they just wanted to repossess the vehicle.

3. Ford Motor Credit Company did not make any written demands for payment of this debt, after the loan was sent to recovery. Only one demand for payment of this debt was made by Stone & Hinds, around January 7, 2014. All inquiries and attempts to pay this debt, following the loan being charged off, were done by me.

Ford Credit filed a motion for judgment on the pleadings, asserting that by virtue of Tennessee Rule of Civil Procedure 8.04, the allegations in the complaint were

2

admitted because Jackson did not dispute them in her answer.[2]  Jackson did not file a response to the motion.  The chancery court entered an order on November 19, 2014, granting Ford Credit's motion, finding that even if proven true, the facts pled in Jackson's answer would not establish a defense to the averments made in Ford Credit's complaint and that the facts material to Ford Credit's claim were therefore admitted.  Jackson subsequently filed a motion for final decision on attorney fees.  Ford Credit withdrew its request for attorney fees, and the court entered a final order on February 6, 2015.  Jackson filed a timely appeal.

## II. Issues Presented

Appellant appears before this Court *pro se*, as she appeared before the chancery court.  On appeal, though not exactly stated as such, Appellant raises the issue of whether the trial court erred in granting Ford Credit's motion for judgment on the pleadings.[3]

## III. Discussion

This case was disposed of by judgment on the pleadings.  When reviewing a trial court's ruling on a motion for judgment on the pleadings, this Court uses the same standard of review that we use to review orders granting a motion to dismiss for failure to state a claim.  *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003).  Therefore, we review the trial court's decision *de novo* without a presumption of correctness.  *Waller v. Bryan*, 16 S.W.3d 770, 773 (Tenn. Ct. App. 1999).  The appellate court "must accept as true 'all well-pleaded facts and all reasonable inferences drawn therefrom' alleged by the party opposing the motion."  *Cherokee Country Club, Inc. v. City of Knoxville*, 152 S.W.3d 466, 470 (Tenn. 2004) (quoting *McClenahan v. Cooley*, 806

---

[2]Tennessee Rule of Civil Procedure 8.04 provides: "Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided. Averments in a pleading to which a responsive pleading is required are admitted when not denied in the responsive pleading . . . ."  Tenn. R. Civ. P. 8.04.  Additionally, Tennessee Rule of Civil Procedure 12.03 provides:  "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Tenn. R. Civ. P. 12.03.

[3]Appellant's brief fails to state the issues that she attempts to raise on appeal with clarity.  In addition to the first issue, Appellant states in the "STATEMENT OF THE ISSUE PRESENTED FOR REVIEW" section of her brief, "Further, the collection attorney, Stone & Hinds Law Firm did not purchase the debt from the original creditor, Ford Motor Credit Company, LLC."  We decline to address this second issue because it was raised for the first time on appeal.  Appellant did not raise a question regarding the ownership of her account in her answer, nor did she take the opportunity to do so in the trial court by responding to Ford Credit's motion for judgment on the pleadings.  It is well settled that issues not asserted in the trial court cannot be raised for the first time on appeal.  *See Barnes v. Barnes*, 193 S.W.3d 495, 501 (Tenn. 2006).

S.W.2d 767, 769 (Tenn. 1991)).

We recognize that Appellant is proceeding *pro se* and that many *pro se* litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.,* 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). "The courts give *pro se* litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs… [and] should give effect to the substance, rather than the form or terminology, of a *pro se* litigant's papers." *Young*, 130 S.W.3d at 63 (citations omitted). However, "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *Whitaker*, 32 S.W.3d at 227. We cannot excuse *pro se* litigants from complying with substantive and procedural rules with which represented parties are expected to adhere, *Young*, 130 S.W.3d at 63, (citing *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996)), and we cannot create claims or defenses for *pro se* litigants where none exist. *Id.*

Although we have given Appellant the benefit of the doubt, the shortcomings in her brief on appeal prevent this Court from reaching the substantive issues that she attempts to raise. Tennessee Rule of Appellate Procedure 27(a)(2) requires that a party's brief contain "[a] table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited." Tenn. R. App. P. 27(a)(2). Additionally, Tenn. R. App. P. 27(a)(7) requires:

> (7) An argument, which may be preceded by a summary of argument, setting forth:
>
> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, *with citations to the authorities and appropriate references to the record* (which may be quoted verbatim) relied on; and
>
> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)[.]

Tenn. R. App. P. 27(a)(7) (emphasis added).

Appellant's brief clearly falls short of the standard set by these provisions. The brief fails to cite to facts in the record or to any case, statute, or other authority to support her position. In fact, a table of authorities is notably missing from the brief altogether. In addition, the "ARGUMENT" section of her brief is approximately one-half of a page in length, and it contains no citations or any cognizable legal argument. Appellant's argument merely consists of the very facts that she alleged in her answer to Ford Credit's complaint along with some additional facts that are irrelevant to establishing an

4

affirmative defense to the breach of contract claim.

In *Bean v. Bean*, this Court observed:

> Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue. *See State v. Schaller,* 975 S.W.2d 313, 318 (Tenn.Crim.App.1997); *Rampy v. ICI Acrylics, Inc.* 898 S.W.2d 196, 210 (Tenn.Ct.App.1994); *State v. Dickerson,* 885 S.W.2d 90, 93 (Tenn.Crim.App.1993). Moreover, an issue is waived where it is simply raised without any argument regarding its merits. *See Blair v. Badenhope,* 940 S.W.2d 575, 576-577 (Tenn.Ct.App.1996); *Bank of Crockett v. Cullipher*, 752 S.W.2d 84, 86 (Tenn.Ct.App.1988).
> . . . . This Court is under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief. *Duchow v. Whalen,* 872 S.W.2d 692, 693 (Tenn.Ct.App.1993) (citing *Airline Const. Inc., v. Barr,* 807 S.W.2d 247 (Tenn.Ct.App.1990)).

*Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000). Because Appellant has failed to comply with Tenn. R. App. P. 27, Appellant has waived any issues raised on appeal.

## IV. Conclusion

For the foregoing reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are taxed to the appellant, Alice McCormick-Jackson. Because Alice McCormick-Jackson is proceeding *in forma pauperis* in this appeal, execution may issue, if necessary.

_____
BRANDON O. GIBSON, JUDGE