FILED

10/09/2018

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 5, 2018 Session

## JOSEPH PETER MEERSMAN, JR. ET AL. v. REGIONS MORGAN KEEGAN TRUST ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 15C1861     Joseph P. Binkley, Jr., Judge**

_____

**No. M2017-02043-COA-R3-CV**

_____

This appeal concerns the dismissal for lack of personal jurisdiction, insufficient process, and insufficient service of process of a lawsuit regarding the administration of two trusts of which appellant, Joseph Peter Meersman, Jr., was a beneficiary. Appellant first had summons issued and attempted service by mail on March 1, 2016. The case remained dormant for over a year before the appellant filed additional documents. The appellees subsequently filed motions to dismiss, basing the motions primarily on insufficient service of process. The trial court granted each defendant's motion to dismiss, concluding that there was insufficient process, insufficient service of process, and the court lacked personal jurisdiction over the defendants due to the insufficient service of process. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

John Ryan Poole, Hermitage, Tennessee, for the appellant, Joseph Peter Meersman, Jr.

Michael Mario Castellarin, Nashville, Tennessee, Pro Se.

Lisa K. Helton and William L. Harbison, Nashville, Tennessee, for the appellees, Regions Morgan Keegan Trust, Paul Gaddis, Judy Stenson, and Melanie Cail.

**OPINION**

# I. FACTS AND PROCEDURAL HISTORY

Joseph Peter Meersman, Jr. was a beneficiary of two trusts.[1] Regions Morgan Keegan Trust ("Regions") was the trustee for the trusts until an order approving its resignation was entered on October 11, 2010. Michael M. Castellarin was subsequently appointed as the successor trustee on February 9, 2011. According to the brief filed by Mr. Castellarin, both trusts were terminated on September 18, 2015.[2]

Mr. Meersman filed a complaint on May 12, 2015, alleging a breach of fiduciary duty against Regions. However, Mr. Meersman did not submit a summons for issuance with the complaint to the court clerk, nor did the clerk draft and issue summons on his or her own volition. *See* Tenn. R. Civ. P. 4.04 ("The plaintiff shall furnish the person making the service with such copies of the summons and complaint as are necessary.")

Mr. Meersman subsequently filed a document entitled "Adde[n]dum to Complaint" on March 1, 2016. The "adde[n]dum" added three former employees of Regions as additional defendants in the lawsuit—Judy Stenson, Melanie Cail, and Paul Gaddis. The "adde[n]dum" also added Mr. Castellarin as an additional defendant. Mr. Meersman filed summonses for Regions, Regions' former employees, and Mr. Castellarin that same day. The summonses for Regions and its former employees were sent by certified mail to Lisa K. Helton, an attorney at Sherrard Roe Voight & Harbison, PLC. Ms. Helton previously served as outside counsel for Regions Bank (not Regions Morgan Keegan Trust) in a separate lawsuit filed by Mr. Meersman.[3] Mr. Meersman claims that Ms. Helton told him to send the summons to her; however, she denied this contention in an affidavit, stating that she was never contacted by him regarding accepting service. Moreover, Ms. Helton did not sign the return receipts for the summonses on behalf of Regions or any of its former employees. Instead, the return receipts were signed by an unknown third party, likely by an employee of a third party messenger service hired by Ms. Helton's law firm to retrieve its mail from the post office.

Mr. Castellarin also did not sign the return receipt sent to his office. The return receipt was, instead, signed by Susan Oliver, a legal assistant for Mr. Castellarin, who was listed as an agent on the return receipt. Both Mr. Castellarin and Susan Oliver

---

[1] Mr. Meersman proceeded pro se throughout the proceedings. However, he is represented on appeal.

[2] Mr. Meersman filed an appeal of the court order terminating the trusts, but his appeal was dismissed. His application to appeal to the Tennessee Supreme Court was also dismissed.

[3] Ms. Helton is also serving as lead counsel for Regions in this appeal.

testified through affidavits that she is not and has never been an agent for service of process for Mr. Castellarin.

Following the issuance and attempted service of the summonses by mail, no further action was taken by Mr. Meersman between May 2016 and June 2017 until after a notice of dismissal due to lack of prosecution was issued by the trial court on May 15, 2017.[4] In response, Mr. Meersman filed two documents on June 14, 2017—"Motion for Permission to Exempt Case From One Year Rule" and "Motion for Acceptance of Final Amen[d]ment to Complaint: Regions Morgan Keegan Trust" ("Motion for Acceptance of Final Amendment").[5] The documents were filed more than a year after the original summons was issued. Mr. Meersman did not obtain issuance of an alias summons[6] when he mailed the documents to Regions or Mr. Castellarin.

Both Mr. Castellarin and Regions made special appearances to file motions to dismiss on June 23, 2017, and July 21, 2017, respectively. Regions argued that the complaint should be dismissed under Rules 12.02, 12.04, 12.05, and 12.06 of the Tennessee Rules of Civil Procedure for the following three reasons:

> (1) even though Mr. Meersman filed this lawsuit in May 2015, he has never properly served Regions [] or its former employees with process; (2) pursuant to Rules 3 and 4 of the Tennessee Rules of Civil Procedure, Mr. Meersman is prohibited from obtaining issuance of an alias summons and serving Regions [] and its former employees with process at this time, because more than a year has passed since the original summons was issued; and (3) all twelve of Mr. Meersman's claims are barred by the applicable statutes of limitations.

Similarly, Mr. Castellarin argued in his motion to dismiss that the lawsuit should be dismissed pursuant to Rule 12.02(5) of the Tennessee Rules of Civil Procedure

---

[4] The potential dismissal was based on Davidson County Local Rule 18 (the "One Year Rule"), which states that "[a]ll civil cases must be concluded or an order setting the case for trial obtained within twelve (12) months from the date of filing unless the court has directed a shorter or longer period." TN 20th Dist. Ct. R. Prac. § 18.01.

[5] The Motion for Acceptance of Final Amendment alleged twelve causes of action—(1) elder financial abuse; (2) breach of fiduciary duty; (3) fraud; (4) constructive fraud; (5) constructive trust; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; (8) declaratory relief; (9) accounting; (10) conspiracy; (11) negligence; and (12) failure to discharge mandatory duty.

[6] An alias summons is "[a] second summons issued after the original summons has failed for some reason." *Summons*, Black's Law Dictionary (10th ed. 2014).

3

because he was never properly served with process, as he must be personally served under Rule 4 of the Tennessee Rules of Civil Procedure. Mr. Meersman countered both motions by arguing that (1) it was the clerk's duty to issue summons for his original complaint; (2) there was no intentional delay in the service of process; therefore, his claims were not time barred; (3) both Ms. Helton and Ms. Oliver were agents for service of process; and (4) the claims were not time barred under the Tennessee Rules of Civil Procedure because the respective statutes of limitations for each claim had not yet expired.

After considering both motions to dismiss, Mr. Meersman's arguments, and holding a hearing, the trial court entered an order granting each motion to dismiss on September 5, 2017. The trial court dismissed the lawsuit based on Rules 12.02(2), (4), and (5) of the Tennessee Rules of Civil Procedure for lack of personal jurisdiction, insufficient process, and insufficient service of process. Regarding the service on Regions and its former employees, the trial court found that Ms. Helton was not an agent for service of process. The trial court rejected Mr. Meersman's argument that Ms. Helton had implied authority to act as an agent for service of process, stating that implied authority arises from the actions of the principal (Regions) not the agent (Ms. Helton). According to the trial court, Mr. Meersman provided no proof of any "act or acquiescence" by Regions authorizing Ms. Helton to accept service of process on Regions' behalf. Moreover, the court found that "Tennessee law has long been clear that simply because an attorney represents a party in other matters does not mean that the attorney is the party's agent for service of process." Regarding the service on Mr. Castellarin, the trial court found that his assistant, Ms. Oliver, was not an agent for service of process either. The trial court noted that Mr. Meersman had failed to provide any proof that Ms. Oliver was authorized by Mr. Castellarin to accept service of process for him. In addition, the trial court found it unnecessary to rule on the statute of limitations argument alternatively asserted by Mr. Meersman. Mr. Meersman filed a timely notice of appeal.

## II. ISSUES PRESENTED

Mr. Meersman has raised three separate issues on appeal, which are restated as follows:

1. Whether the appellees were properly served with process by delivering the summons to their authorized agents for service of process;
2. Whether the trial court properly dismissed the complaint where service of process was not intentionally delayed; and

4

3. Whether the trial court erred in dismissing the complaint under Rules 12.02(2), (4), and (5) of the Tennessee Rules of Civil Procedure by not considering any applicable statute of limitations.[7]

## III. STANDARD OF REVIEW

The trial court dismissed the lawsuit under Rule 12.02 of the Tennessee Rules of Civil Procedure based on lack of personal jurisdiction, insufficient process, and insufficient service of process. Rule 12.02 provides:

> If, on a motion [to dismiss], matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

*Davis v. Grange Mut. Cas. Grp.,* No. M2016–02239–COA–R3–CV, 2017 WL 4331041, at \*2 (Tenn. Ct. App. Sep. 28, 2017) (quoting Tenn. R. Civ. P. 12.02). However, the Tennessee Supreme Court, in *Nicholstone Book Bindery, Inc. v. Chelsea House Publishers*, held that the general rule is inapplicable to motions to dismiss involving jurisdictional issues. *Nicholstone Book Bindery, Inc. v. Chelsea House Publishers*, 621 S.W.2d 560, 561 n.1 (Tenn. 1981). Therefore, the trial court may consider matters outside the pleadings without converting the motion into a motion for summary judgment. *See Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 643 (Tenn. 2009); *Milton v. Etezadi*, No. E2012–00777–COA–R3–CV, 2013 WL 1870052, at \*3 (Tenn. Ct. App. May 3, 2013). Because this case involves jurisdictional issues regarding service of process and personal jurisdiction, "we view all factual allegations in the complaint as true and review the trial court's conclusions of law de novo with no presumption of correctness." *Davis*, 2017 WL 4331041, at \*2 (citing Tenn. R. App. P. 13(d)).

## IV. DISCUSSION
### A. Service of Process on Regions and its Employees

---

[7] We note that Mr. Meersman's counsel also raised two additional issues in a reply brief. However, "[a] reply brief is a response to the arguments of the appellee. It is not a vehicle for raising new issues." *Owens v. Owens*, 241 S.W.3d 478, 499 (Tenn. Ct. App. 2007) (citing Tenn. R. App. P. 27(c); *Denver Area Meat Cutters & Employers Pension Plan v. Clayton*, 209 S.W.3d 584, 594 (Tenn. Ct. App. 2006)). "A reply brief is limited in scope to a rebuttal of the argument advanced in the appellee's brief." *Clayton*, 209 S.W.3d at 594. Because an appellee may not respond to a reply brief, it would be fundamentally unfair to allow the appellant to assert additional arguments in the reply brief. *Id.*

On appeal, Mr. Meersman argues that Regions and its former employees were properly served with the amended complaint through their authorized agent for service of process, Ms. Helton, whose subagent signed the return receipts. Rule 4.04(4) of the Tennessee Rules of Civil Procedure details the proper method for serving process on a corporation. Rule 4.04(4) states:

> The plaintiff shall furnish the person making the service with such copies of the summons and complaint as are necessary. Service shall be made as follows:
>
> . . . .
>
> (4) Upon a domestic corporation, or a foreign corporation doing business in this state, by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to *any other agent authorized by appointment or by law* to receive service on behalf of the corporation.

Tenn. R. Civ. P 4.04(4) (emphasis added). Service may be accomplished by certified mail. Tenn. R. Civ. P. 4.04(10). Rule 4.04(10) provides:

> Service by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney or by any person authorized by statute. After the complaint is filed, the clerk shall, upon request, furnish the original summons, a certified copy thereof and a copy of the filed complaint to the plaintiff, the plaintiff's attorney or other authorized person for service by mail. Such person shall send, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant. If the defendant to be served is an individual or entity covered by subparagraph (2), (3), (4), (5), (6), (7), (8), or (9) of this rule, the return receipt mail shall be addressed to an individual specified in the applicable subparagraph. The original summons shall be used for return of service of process pursuant to Rule 4.03(2). Service by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute. If service by mail is unsuccessful, it may be tried again or other

methods authorized by these rules or by statute may be used.[8]

*Id.*

The trial court found that Mr. Meersman's attempted service of the summons was ineffective because Ms. Helton was not Regions' (or Regions' former employees) authorized agent for service of process, as required by Rule 4.04 of the Tennessee Rules of Civil Procedure. "The rule on serving corporations through their authorized agents contemplates service on agents either expressly or impliedly appointed by the defendant organization as agents to receive process." *Hall v. Haynes,* 319 S.W.3d 564, 574 (Tenn. 2010) (internal quotations omitted). A principal may expressly give actual authority where the authority is given in "direct terms, either orally or written." *Rubio v. Precision Aerodynamics, Inc.,* 232 S.W.3d 738, 742-43 (Tenn. Ct. App. 2006).

Implied powers conferred on the agent may be established circumstantially by "conduct or a course of dealing between the principal and agent." *Hall,* 319 S.W.3d at 573. Implied authority is established by the actions or acquiescence of the principal, not the actions of the agent. *Id.* In relation to service of process, there must be evidence that the principal specifically intended to confer authority on the agent to receive and accept service of process on its behalf. *Id.* Authority to accept service of process cannot be established by acting as an agent of the principal for some other purpose or by the mere fact of actual acceptance of service of process by the alleged agent. *Id.*

Moreover, actual notice of the lawsuit does not suffice as an alternative to service. *Id.* at 572. The plaintiff has the burden of proving that the person he or she elected to serve is the defendant's authorized agent for service of process. *See Milton,* 2013 WL 1870052, at *6 (stating that "[the plaintiff] has the burden of proof" to prove the person served had authority to accept service of process); *Eaton v. Portera,* No. W2007-02720-COA-R3-CV, 2008 WL 4963512, at *4 (Tenn. Ct. App. Nov. 21, 2008) (recognizing that the plaintiff has the burden of proof in establishing whether the person served is an authorized agent of the defendant).

Here, Mr. Meersman does not argue that Ms. Helton had express authority but that Ms. Helton had implied authority to accept service of process. Mr. Meersman, first, argues that the actions of Ms. Helton indicate that she acted with implied authority by

---

[8] While Rule 4.04(10) provides plaintiffs an alternative means to serve process, it does not "expand the *class of persons* who are authorized to accept service of process under Rules 4.04(1) and 4.04(4)." *Hall v. Haynes,* 319 S.W.3d 564, 574, 579 (Tenn. 2010) (quoting *Hall ex rel. Hall v. Haynes*, No. W2007-02611-COA-R9-CV, 2009 WL 782761, at *13 (Tenn. Ct. App. Mar. 26, 2009)).

7

telling Mr. Meersman to send service of process to her office.[9] However, as previously stated, implied authority cannot be established by the actions of the agent; instead, evidence must be shown that Regions specifically intended for Ms. Helton to act as its agent for service of process. *Hall,* 319 S.W.3d at 573. Mr. Meersman has failed to show any actions or acquiescence by Regions to prove Ms. Helton's status as an agent. In fact, the evidence shows that Ms. Helton was not an agent for service for Regions. Ms. Helton signed an affidavit stating that she is not an agent for service of process for Regions.

Mr. Meersman also contends that Ms. Helton's prior representation of Regions Bank in other lawsuits, as well as her representation of Regions in this appeal, form the necessary predicate to prove she is an authorized agent for service of process. However, Tennessee law is clear, "[a] defendant's attorney is not deemed an agent appointed to receive service of process absent a factual basis for believing that such an appointment by the defendant has occurred." *Morgan v. Superior Catering Servs.*, No. E2014–00005–COA–R3–CV, 2015 WL 1594011, at *8 (Tenn. Ct. App. Apr. 7, 2016) (quoting *Arthur v. Litton Loan Servicing LP,* 249 F.Supp.2d 924, 929 (E.D. Tenn. 2002)). In order to prove that an attorney is authorized to accept service of process on a client's behalf, there must be proof of client authorization to accept service. *Keicher v. Mysinger*, 198 S.W.2d 330, 229-30 (Tenn. 1946) ("An attorney employed to bring suit does not by virtue of that employment have authority to accept service . . . ." However, an attorney "can be authorized to accept service of process for his client . . . ."). Mr. Meersman has not offered the requisite proof to show that Regions authorized Ms. Helton to accept service of process as its attorney.[10] In addition, Mr. Meersman has offered no proof that Ms. Helton was authorized to accept service of process on behalf of Regions' former employees either. Therefore, Ms. Helton is not an agent for service of process because of her position as former counsel to Regions Bank or because of her current representation of Regions and its former employees in this appeal.

Not only is Ms. Helton not an authorized agent for service of process, but she also did not sign the return receipts. Instead, it appears that an employee of a third party courier service that picks up mail for Ms. Helton's office signed the receipts. "[A] corporate defendant's registered agent may authorize a subagent to assist in performing

---

[9] Mr. Meersman's contention is directly contradicted by Ms. Helton, who states in an affidavit that she never had a conversation with Mr. Meersman regarding the sending of the summons to her office.

[10] Mr. Meersman claims that Ms. Helton has previously accepted service of process for Regions. However, the evidence offered will not suffice to prove that Ms. Helton is an authorized agent for service of process. She represented entirely separate parties than those represented in the present lawsuit. Moreover, Regions asserts in its brief that the previous lawsuit regarded a separate trust as well.

the registered agent's duties, including the acceptance of service of process." *Hall,* 319 S.W.3d. at 575. Mr. Meersman argues that this third party is a subagent of Ms. Helton because "[a]n employee who is authorized to sign for and receive a defendant's certified mail is also authorized to accept service of process on behalf of the defendant as the defendant's agent," citing *Boles v. Tenn. Farmers Mut. Ins. Co.*, No. M1999-00727-COA-R3-CV, 2000 WL 1030837, at *5 (Tenn. Ct. App. July 27, 2000). However, the holding in *Boles* was explicitly overruled in *Hall. Hall*, 319 S.W.3d at 583-84 ("Based on the language of the Tennessee Rules of Civil Procedure and the interpretation of analogous provisions by courts in other jurisdictions, we hold that a corporate agent with the authority to sign for and receive the corporation's certified mail does not, without more, qualify as an agent authorized by appointment to receive service of process on behalf of a corporate defendant. . . . To hold otherwise, as the Court of Appeals did in *Boles*, would run counter to Rule 4.03(2)[.]"). Mr. Meersman has not offered any other evidence outside of the fact that the employee of the messenger service could sign for certified mail to prove the third party was an authorized subagent, which is insufficient evidence to prove agency for service of process under *Hall*.

Because Ms. Helton did not have express or implied authority to accept service of process as Regions' attorney or otherwise, she is not an authorized agent for Regions or its former employees, and the attempted service of process on Regions and its employees was ineffective. Therefore, the trial court's decision as to these defendants is affirmed.

### B. Service of Process on Mr. Castellarin

Mr. Meersman also argues on appeal that service of process was proper where Mr. Castellarin's legal assistant signed the return receipt for the summons sent by certified mail. In order to achieve proper service on an individual, Rule 4.04(1) of the Tennessee Rules of Civil Procedure provides:

> The plaintiff shall furnish the person making the service with such copies of the summons and complaint as are necessary. Service shall be made as follows:
>
> (1) Upon an individual other than an unmarried infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.

9

Tenn. R. Civ. P. 4.04(1). Rule 4.04(1) places a preference on serving the individual personally. *Hall,* 319 S.W.3d at 572 (citing Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 2-3(d), at 2-26 (2d ed. 2004)). However, proper service may also be obtained by serving an individual through "an agent authorized by appointment or by law." Tenn. R. Civ. P. 4.04(1); *Hall,* 319 S.W.3d at 572. In this case, it is not claimed that service was made on Mr. Castellarin personally but through his assistant, Ms. Oliver; therefore, service is only proper if Ms. Oliver is determined to be an authorized agent.

The rules regarding agency were previously discussed in Section IV(a) of this opinion. In the context of the workplace, "service is not effective when another employee whom the individual defendant has not appointed as an agent for service of process nonetheless accepts process on the defendant's behalf." *Hall,* 319 S.W.3d at 572. Instead, Rule 4.04(1) contemplates "the situation where an individual actually appoints an agent for the purpose of receiving service." *Id.* at 573 (quoting 62B Am. Jur. 2d *Process* § 216 (2005)).

For instance, in *Milton*, the plaintiff attempted to serve process on the defendant at his office. *Milton*, 2013 WL 1870052, at *5. The office manager of the defendant allegedly accepted service on behalf of the defendant. *Id.* However, the defendant testified in a deposition that he never appointed the office manager to accept service of process on his behalf. *Id.* The trial court found that the office manager was not authorized to accept service of process, and the court of appeals affirmed. *Id.* at *6. The court noted that Rule 4.04(1) explicitly requires that the defendant be served personally or through an agent that has been appointed or authorized by law to accept service. *Id.* In *Milton*, the plaintiff supplied no evidence that the office manager had been appointed to accept service; therefore, the plaintiff did not effectuate proper service on the defendant. *Id.*

In this instance, the return receipt was signed by Mr. Castellarin's legal assistant, not Mr. Castellarin personally. Like the office manager in *Milton*, Ms. Oliver is not authorized to accept service of process simply on the basis of being an employee of Mr. Castellarin. Furthermore, both Mr. Castellarin and Ms. Oliver signed affidavits indicating that Ms. Oliver was not an authorized agent for service of process on his behalf. Mr. Meersman argues that Mr. Castellarin "held [] out" Ms. Oliver as an authorized agent because he allowed her "to serve as a liaison" between Mr. Castellarin and himself regarding the administration of the two trusts. However, Ms. Oliver's role as "liaison" regarding the trusts will not suffice to prove she had authority to accept service of process because "[a]cting as the defendant's agent for some other purpose does not make the person an agent for receiving service of process." *Hall,* 319 S.W.3d at 573.

Mr. Meersman further contends that Ms. Oliver marking the box labeled "agent" on the return receipt indicates that she was authorized to accept service. However, the requisite authority to accept service cannot be established through the actions of the agent. *Hall,* 319 S.W.3d at 573. For example, in *Bryce Co., LLC v. Federal Insurance Co.*, the court stated that a mail clerk who checked the box marked "agent" on a certified mail return receipt did not have implied authority. *Bryce Co., LLC v. Fed. Ins. Co.,* Case No. 09-02664, 2010 WL 11602403, at *4 (W.D. Tenn. Oct. 4, 2010). The court stated "[a]lthough [the mail clerk] checked the box on the return receipt marked 'agent,' [] there [was] no evidence of acquiescence by the [defendant]." *Id.* Likewise, Ms. Oliver checking the box marked "agent" on the return receipt does not prove acquiescence on the part of the principal, Mr. Castellarin. Therefore, Ms. Oliver did not have authority to accept service of process.

"The record must contain 'evidence that the defendant intended to confer upon [the] agent the specific authority to receive and accept service of process for the defendant.'" *Milton*, 2013 WL 1870052, at *6 (quoting *Hall,* 319 S.W.3d at 573). Here, the record contains no such evidence. Because Mr. Meersman has not supplied any evidence of Ms. Oliver's role as an authorized agent for service of process, the attempted service of Mr. Castellarin was unsuccessful, and the trial court's ruling with respect to Mr. Castellarin is affirmed.[11]

### C. Intentional Delay

Mr. Meersman contends that a lawsuit may not be dismissed for lack of personal jurisdiction due to insufficiency of service of process absent a showing of intentional delay. The trial court determined that Mr. Meersman failed to comply with Rules 3 and 4 of the Tennessee Rules of Civil Procedure where he did not properly serve the defendants and an alias summons was not issued within one year of filing the original summons.

---

[11] Mr. Meersman also argued on appeal that Ms. Helton and Ms. Oliver had apparent authority to accept service of process. At the trial court level, while mentioned by Mr. Meersman in his response to Mr. Castellarin's motion to dismiss, the trial court did not address apparent authority in its order. Apparent authority arises where "(1) the principal actually or negligently acquiesced in another party's exercise of authority; (2) the third person had knowledge of the facts and a good faith belief that the apparent agent possessed such authority; and (3) the third person relied on this apparent authority to his or her detriment." *Boren ex rel. Boren v. Weeks*, 251 S.W.3d 426, 432-33 (Tenn. 2008) (quoting *Mechs. Laundry Serv. v. Auto Glass Co. of Memphis*, 98 S.W.3d 151, 157 (Tenn. Ct. App. 2002)). Apparent authority was not mentioned by the court in *Hall. See generally Hall*, 319 S.W.3d at 573-76 (discussing only express and implied authority). Therefore, it is unclear if apparent authority suffices for authority to accept service of process under Tennessee law. Regardless, the facts here do not support a finding of apparent authority.

**(R2, p86-87)** The trial court did not address Mr. Meersman's intentional delay argument.

"The Tennessee Rules of Civil Procedure authorize dismissal of all or part of a complaint based upon the defenses of lack of [personal jurisdiction], insufficiency of process, and insufficiency of service of process" under Rule 12 of the Tennessee Rules of Civil Procedure. *McNeary v. Baptist Memorial Hosp.,* 360 S.W.3d 429, 436 (Tenn. Ct. App. 2011). "A court acquires personal jurisdiction over a defendant when the defendant is served with process." *Id.*

Commencing a lawsuit requires both the filing of a complaint and the issuance of process. *Id.* Rule 3 of the Tennessee Rules of Civil Procedure states:

> All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

Tenn. R. Civ. P. 3. Rule 4.03(1) further provides:

> The person serving the summons shall promptly make proof of service to the court and shall identify the person served and shall describe the manner of service. If a summons is not served within 90 days after its issuance, it shall be returned stating the reasons for failure to serve. The plaintiff may obtain new summonses from time to time, as provided in Rule 3, if any prior summons has been returned unserved or if any prior summons has not been served within 90 days of issuance.

Tenn. R. Civ. P. 4.03(1). Rules 3 and 4 must be read together. *McNeary,* 360 S.W.3d. at 437 (citing *Richards v. Newby,* Shelby Law No. 20, 23583, 1991 WL 163541, at *3 (Tenn. Ct. App. Aug. 27, 1991)). When read in conjunction, Rule 4.03(1) provides that a summons must be served within 90 days. *Id.* If not served within the 90 day time frame, the summons must be returned and state the reasons that service failed. *Id.* "Rule 3 then requires that the plaintiff reissue process within one year from the previous issuance, or one year from the filing of the suit if summons was not issued when the suit was filed." *McNeary,* 360 S.W.3d at 437.

12

Rule 4.01(3) states: "If a plaintiff or counsel for a plaintiff (including a third-party plaintiff) intentionally causes delay of prompt issuance or prompt service of a summons, the filing of the complaint (or third-party complaint) will not toll any applicable statutes of limitation or repose." Tenn. R. Civ. P. 4.01(3). Mr. Meersman contends that Rule 4.01(3) requires a trial court to find intentional delay in the issuance of process prior to dismissing a case for lack of personal jurisdiction, irrespective of the time limitations imposed by Rules 3 and 4.03(1).

However, this court explicitly rejected the same argument in *McNeary*. *McNeary*, 360 S.W.3d. at 438. In *McNeary*, after more than one failed attempt at service, the plaintiff finally served the defendant with process more than two years after the previously issued process. *Id.* at 434. The trial court found that the plaintiff's lawsuit was not properly commenced pursuant to Rules 3 and 4 and dismissed the suit. *Id.* at 435.

On appeal, the plaintiff argued that "the provisions of Rule 4.01(3) d[id] not apply because there was no intentional delay in the issuance of service of [the] [s]ummons." *Id.* at 438. The court rejected the plaintiff's argument, holding that the trial court properly dismissed the suit for lack of personal jurisdiction. *Id.* The court stated: "[T]he [plaintiff's] argument, insofar as it rests upon Rule 4.01(3), is irrelevant." *Id.*

Similarly, the fact that Mr. Meersman's delay in serving the summons may have been unintentional does not prevent a finding that Mr. Meersman failed to timely comply with the service requirements of the Tennessee Rules of Civil Procedure. His unintentional delay in the issuance and service of summons "still properly commence[d] the action." *See Christenberry v. Christenberry*, No. E2015-00497-COA-R3-CV, 2016 WL 158091, at *4 (Tenn. Ct. App. Jan. 14, 2016) *perm. app. denied* (Tenn. May 6, 2016); Tenn. R. Civ. P. 3 ("An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved."). "At no time before or after [Rule 4.01(3)'s] enactment was a plaintiff entitled to disregard the requirements of Tennessee Rules of Civil Procedure 3 and 4 in obtaining service of process." *McNeary*, 360 S.W.3d. at 438. Mr. Meersman first obtained issuance of summons on May 1, 2016. However, this attempted service, as discussed in Section IV A and B, was insufficient. Thereafter, on June 14, 2017, Mr. Meersman filed two additional documents, but he did not obtain issuance of alias summons at that time. Therefore, Mr. Meersman failed to reissue process within one year of the previous issuance of summons, as required by Rule 3. Mr. Meersman cannot simply ignore the clear parameters set forth by the rules for serving process because his delay in serving the defendants was unintentional. We conclude Mr. Meersman failed to comply with the Tennessee Rules of Civil Procedure by not properly serving the defendants or reissuing process within one year of the previous issuance.

13

## D. Statute of Limitations

Finally, Mr. Meersman contends that the trial court erred in dismissing the lawsuit pursuant to Rules 12.02(2), (4), and (5) of the Tennessee Rules of Civil Procedure without addressing the applicable statutes of limitations because, according to Mr. Meersman, "Rule 3 [of the Tennessee Rules of Civil Procedure] does not, without a separate statutory basis, require that defendants actually be served within one year of either the issuance of the summons or the original filing of the complaint." In light of its ruling on service of process, the trial court found that it was "not necessary to rule on Regions['] arguments regarding statutes of limitations." Rule 3 provides:

> All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the *plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process* within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

Tenn. R. Civ. P 3 (emphasis added).

Mr. Meersman relies on *SunTrust Bank v. Sheep, Inc.* for his argument that the time limitations for service imposed by Rule 3 are only relevant where a plaintiff seeks to toll a statute of limitations. In *SunTrust*, the trial court dismissed the case "on the grounds the process issued more than one year after the issuance of the previous process was invalid." *SunTrust Bank v. Sheep, Inc.,* No. E2005-02377-COA-R3-CV, 2006 WL 1735132, at *1 (Tenn. Ct. App. June 26, 2006). The case was dismissed after a motion for default judgment was made by the plaintiff. *Id.* In *SunTrust*, the plaintiff's original summons issued in 2003 was returned unserved. *Id.* The plaintiff did not attempt to have summons reissued until 2005, well after the one year time frame outlined in Rule 3. *Id.* However, the alias summons issued in 2005 was ultimately served on the defendants. *Id.* at *3. On appeal, the court concluded "the proscription set forth in the rule is inapplicable to cases where the plaintiff is not relying upon the original commencement of the action to toll the running of the statute of limitation[,]" in so doing, vacating the judgment of the trial court. *Id.* at *2.

However, the present case is distinguishable from *SunTrust*. Unlike in *SunTrust*, where the plaintiff obtained proper service before the case was dismissed, Mr. Meersman

never properly served any of the defendants.

> The Tennessee Rules of Civil Procedure authorize dismissal of all or part of a complaint based upon the defenses of lack of jurisdiction over the parties, insufficiency of process, and insufficiency of service of process. A court acquires personal jurisdiction over a defendant when the defendant is served with process.

*McNeary*, 360 S.W.3d at 436; See *Watson v. Garza*, 316 S.W.3d 589, 593 (Tenn. Ct. App. 2008) ("The trial court's jurisdiction of the parties is acquired by service of process . . . ."). Here, the trial court never acquired jurisdiction over the parties because of the insufficient service of process; therefore, the court did not err in not considering the statutes of limitations related to Mr. Meersman's various claims, and the trial court properly dismissed the case. *See SunTrust,* 2006 WL 1735132, at *3 (noting that while trial courts have broad discretion to dismiss inactive cases, the case was active at the time the plaintiff moved for default judgment because the defendant had been served with process). The decision of the trial court is affirmed.

## V. CONCLUSION

For the aforementioned reasons, the decision of the circuit court is hereby affirmed. Costs of this appeal are taxed to the appellant, Joseph Peter Meersman, Jr., for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE