**James L. RUBIO, et al.**

v.

**PRECISION AERODYNAMICS, INC.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

June 27, 2006 Session.

Oct. 5, 2006.

---

**9.** *See* 29 C.F.R. §§ 1926.651(k) (2006), 1926.650(b) (2006), 1926.32(f) (2006).

Stephen T. Greer, Dunlap, Tennessee, for the appellant, Precision Aerodynamics, Inc.

G. Patrick Watson, Atlanta, Georgia, and J. Harvey Cameron, Jasper, Tennessee, for the appellees, James L. Rubio and Ann Rubio.

## OPINION

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Plaintiff brought this action to authenticate and enforce a $53,000,000 default judgment awarded against Defendant by the Superior Court of Walton County, Georgia. Defendant, a Tennessee corporation, contends the Georgia judgment is void because the Georgia court never had *in personam* jurisdiction over Defendant. The basis of the collateral attack on the Georgia judgment is that service of process was insufficient because the summons was served on the personal secretary of Defendant's registered agent, not Defendant's registered agent. The Circuit Court of Sequatchie County, Tennessee ruled the service of process was valid and the judgment was enforceable. We affirm.

Plaintiff James L. Rubio, a licensed master skydiver, participated in a skydive in Monroe, Georgia in November 2001. While skydiving from 13,500 feet, his primary parachute failed to open properly. The failure of the main parachute required Plaintiff to pull his reserve chute, the Raven Dash–M, manufactured by Precision Aerodynamics, Inc. The reserve chute opened from its parachute container, but the line stitchings on the reserve canopy ripped, allegedly due to a manufacturing defect. Being unable to slow himself during the descent, Plaintiff plummeted to the ground, landing near the designated landing zone in Monroe, Georgia. He suffered near fatal injuries, which have resulted in severe and permanent physical and mental injuries.

Plaintiff commenced a civil action against Precision (Defendant) in February of 2003 in the Superior Court of Walton County, Georgia seeking damages for personal injuries arising from the skydiving accident. Defendant is a Tennessee corporation with its corporate offices in Sequatchie County, Tennessee. As required by statute, Defendant designated a registered agent for service of process by filing the designation with the Secretary of State of Tennessee. Defendant's registered agent at all times material to this action was Thomas A. Caldwell, an attorney in Chattanooga, Tennessee.

Plaintiff hired MLQ Attorney Services to procure service of process on Defendant. Dennis Bakkom, a process server for MLQ, provided a return of service indicating he served Defendant on February 7, 2003. Bakkom did not personally serve Caldwell, the Registered Agent. Instead, Bakkom placed the Summons and Complaint in the hands of Janet Daniel, Caldwell's personal secretary. As Bakkom explains in his affidavit, upon his arrival at Caldwell's office, he was met by Ms. Daniel who represented that she was authorized by Caldwell to accept service on behalf of Caldwell, and that she had accepted service for Caldwell on numerous occasions in the past. She also advised Bakkom that she would deliver the Summons and Complaint to Caldwell. The facts set forth in Bakkom's affidavit have not been refuted.[1]

Defendant did not file an answer or responsive pleading to the Georgia action. After letters from Plaintiff's counsel to Defendant went unanswered, Plaintiff made application to the Georgia court for a default judgment. When Defendant failed to reply to the motion for default judgment, the Georgia court entered a judgment of default against Defendant in May of 2003. As noted in the Order on Application for Default Judgment, the Georgia court found that Defendant was properly served on February 7, 2003. The default judgment was mailed to Defendant, yet Defendant did not respond. A date certain was set for a hearing on damages and counsel for Plaintiff mailed three letters to Defendant at its corporate office in Dunlap, Tennessee reminding Defendant of the pending hearing on damages. Still no reply from Defendant.

The Georgia court conducted an evidentiary hearing on damages on November 7, 2003. Defendant did not participate. Following the hearing, Plaintiff was awarded damages in the amount of $53,575,000. A copy of the judgment awarding damages

---

**1.** Neither Caldwell nor Daniel have put forth evidence in the form of an affidavit or otherwise that contradicts the sworn statement of the process server. Also absent from the record is any indication that Daniel failed to deliver the Complaint and Summons to Caldwell in a timely fashion, or that Caldwell failed to deliver the Complaint and Summons to Defendant in a timely fashion.

was mailed to Defendant; however, Defendant did not reply and took no action to challenge the default judgment or the award of damages.

Thereafter, in November 2003, Plaintiff initiated this action to enforce the $53,575,000 judgment by filing an authenticated and exemplified judgment from the Superior Court of Walton County, Georgia in the Circuit Court of Sequatchie County, Tennessee. This time, process was served on Thomas Caldwell, who remained the Registered Agent of Defendant. In addition thereto, a copy of the process papers was delivered to Defendant at its corporate office in Dunlap, Tennessee.

Ten months later, on September 10, 2004, Defendant made its first response to the Georgia and Tennessee proceedings by filing in the Circuit Court for Sequatchie County, Tennessee a Motion to Dismiss and/or Vacate the Judgment pursuant to Tenn. R. Civ. P. 12.02 and/or Tenn. R. Civ. P. 60.02, wherein it challenged for the first time the sufficiency of service of process in the Georgia action. In April 2005, the Tennessee Circuit Court denied Defendant's motion, stating that service of process in the Georgia action was proper, reasoning that Defendant's registered agent, Thomas Caldwell, had the authority to authorize his personal secretary to accept process.

Defendant appeals the decision of the Tennessee Circuit Court contending: (1) the attempted service of process in the Georgia action was ineffective, and therefore, the Georgia court never had *in personam* jurisdiction over Defendant; (2) because the Georgia court lacked jurisdiction, the judgment from the Superior Court of Walton County, Georgia is void; and (3) a void judgment from another state may be collaterally attacked in a Tennessee proceeding wherein the plaintiff seeks to authenticate and enforce the foreign judgment.

## STANDARD OF REVIEW

No genuine material factual disputes are presented. The issue hinges, in part, on the proper interpretation of Tennessee statutes and their application to the facts of this case. Issues involving the construction of statutes and their application to facts involve questions of law. *Memphis Publ'g Co. v. Cherokee Children & Family Servs., Inc.*, 87 S.W.3d 67, 74 (Tenn.2002); *Waller v. Bryan,* 16 S.W.3d 770, 773 (Tenn.Ct.App.1999). The standard of review for questions of law is the de novo standard. *Gleaves v. Checker Cab Transit Corp., Inc.*, 15 S.W.3d 799, 802 (Tenn.2000). We will review the issues de novo and reach our own independent conclusions regarding them. *King v. Pope*, 91 S.W.3d 314, 318 (Tenn.2002).

## ANALYSIS

Defendant contends the Georgia judgment is void because the Georgia court never had jurisdiction over it due to insufficient service of process. The record reveals that service was effected not on Caldwell, the registered agent, but on his personal secretary who represented to the process server that she was authorized by Caldwell to accept service of process. Defendant contends Caldwell's secretary was not authorized to act as its agent to accept service of process, Caldwell's consent notwithstanding, because Defendant had not expressly authorized her to serve as its agent for service of process.

It is undisputed that Defendant did not expressly authorize Caldwell's secretary to serve as its agent for service of process and had not expressly authorized Caldwell

to authorize her to so serve.[2] Therefore, the resolution of the issue turns on whether Caldwell, Defendant's registered agent, had the authority to authorize his personal secretary to accept service of process without the express authorization of Defendant. We have concluded he did.

As a Tennessee corporation, Defendant was required to designate a registered agent for the purpose of, *inter alia,* accepting service of process on behalf of the corporation. *See* Tenn.Code Ann. §§ 48–15–101;104(a). The statutory scheme requires corporations to continuously maintain a registered office and registered agent. It further requires that each corporation continuously maintain a registered agent in this state who may be:

(A) An individual who resides in this state and whose business office is identical with the registered office;

(B) A domestic corporation or not for profit domestic corporation whose business office is identical with the registered office; or

(C) A foreign corporation or not for profit foreign corporation authorized to transact business in this state whose business office is identical with the registered office.

Tenn.Code Ann. § 48–15–101(a)(2). Defendant complied with the statutory requirements by designating Caldwell as its registered agent, and it is undisputed that Caldwell was Defendant's only registered agent when the papers were served on Caldwell's secretary, Ms. Daniel.

 Neither Tenn.Code Ann. § 48–15–101 nor § 48–15–104(a) address the issue of whether a registered agent may authorize a subagent to assist in the performance of the duties of the registered agent.

Tenn.Code Ann. § 48–15–104(a), which pertains to service of process on the registered agent, merely states that a corporation's registered agent is the corporation's agent for service of process, notice, or demand required or permitted by law to be served on the corporation. Significantly, however, Subsection (d) of Tenn.Code Ann. § 48–15–104 makes it clear that service of process on a corporation is not restricted to the registered agent. "This section does not prescribe the only means, or necessarily the required means, of serving a corporation." Tenn.Code Ann. § 48–15–104(d). Finding no statutory restrictions, we conclude the Tennessee General Assembly did not intend to prohibit or otherwise restrict a registered agent from authorizing others to assist in the performance of the duties of the registered agent.

There being no statutory restriction on the authority of a registered agent to utilize subagents, we look to principles of agency to determine whether Caldwell had the authority to authorize Ms. Daniel to assist him in the performance of his duties on behalf of Defendant. "The scope of an agent's authority is to be determined by reference to the law of the place where the agent acts on the principal's behalf." 3 Am.Jur.2d *Agency* § 8 (2006). Therefore, the issue of Caldwell's authority to act as agent of Defendant and to authorize his secretary to act as his agent or that of Defendant must be examined pursuant to the law of agency in Tennessee, even though the matters at issue pertain to the validity of the judgment of the Georgia court.

 In Tennessee, an agent's express authority is that which the principal gives to him in direct terms, either orally or

2. George Galloway, the president of Precision Aerodynamics, Inc., submitted an affidavit stating that no one other than Caldwell had been designated as the agent to accept service of process.

written. *Hollingshead Co. v. Baker*, 4 Tenn.App. 362, 1926 WL 2125, at *4 (Tenn. Ct.App. Dec 7, 1926) (citing *Southern Ry. Co. v. Pickle*, 138 Tenn. 238, 197 S.W. 675, 677 (Tenn.1917)). Implied authority, as distinguished from expressed, embraces all powers which are necessary to carry into effect the granted power, in order to make effectual the purposes of the agency. *Id.* There is no evidence in the record to suggest Defendant expressly authorized Caldwell to appoint Ms. Daniel or anyone else as its subagent, indeed the evidence is to the contrary. There is, however, evidence which is not refuted, that Ms. Daniel was expressly authorized by Caldwell to serve as his agent for the purpose of accepting service of process on parties for whom and which he was serving as registered agent. In fact, Ms. Daniel made such an assertion, which has not been refuted by Caldwell or Ms. Daniel. Thus, the sole question is whether Caldwell was impliedly authorized to designate another, such as Ms. Daniel, to assist him in the performance of his duties as agent for Defendant.

An authority to delegate an agent's authority may ... be implied from the nature of the agent. If the nature of the business, the conduct of which is submitted to an agent, is such that it must be contemplated by the principal that the authority conferred on the agent will be exercised through subagents, a power in the agent to delegate that authority will be implied. This is substantially the principal adopted by the American Law Institute. (Restatement, Agency, Section 80, and Section 77.) For example, it is generally agreed that the employment of an agent making collection at a different place gives the agent the implied power to appoint a subagent....

Authority to manage the business will ordinarily carry with it the authority to employ such subagents as may be required for the purpose of enabling its agents to carry on the business to the best advantage.

*Armstrong v. Bowman*, 21 Tenn.App. 673, 115 S.W.2d 229, 234 (Tenn.Ct.App.1937) (quoting 2 Am.Jur., § 197, p. 156).[3]

■ When examining the inherent or implied authority of an agent, the principal is charged with usage and custom when the principal "anticipates or reasonably ought to anticipate that there may be such usage or other usual course of procedure...." *Armstrong*, 115 S.W.2d at 235 (quoting RESTATEMENT (FIRST) OF AGENCY § 36 (1933)). As we noted earlier, Tenn. Code Ann. § 48–15–101 authorizes a corporation to designate a corporation as its registered agent. Tenn.Code Ann. § 48–15–101(a)(2)(B)–(C). If a corporation is designated to serve as its registered agent, the registered agent must, as a matter of necessity, appoint others to serve as subagents to fulfill the purpose of the registered agent statute, which is to receive service of process on behalf of the defendant corporation. It must therefore be anticipated that a registered agent may authorize subagents to perform and fulfill its responsibilities as the registered agent. Although Caldwell was an individual and not a corporate registered agent, we find no authority to impose a greater restriction on the utilization of subagents by an individual registered agent than that imposed on a corporate registered agent. We therefore conclude, based on the nature and purpose of the relationship between a Tennessee corporation, such as Defendant, and its registered agent, such as Mr. Caldwell, that registered agents, individual or corporate, have implied au-

3. This section of *American Jurisprudence* has been updated. The updated content of this cite can be found at 3 Am.Jur.2d *Agency* § 154 (2006).

thority to appoint subagents, such as Ms. Daniel.

Defendant designated Caldwell as its registered agent prior to the commencement of the Georgia action, and Caldwell authorized Ms. Daniel to act on his behalf in the performance of his duties as Defendant's registered agent. We have determined that Caldwell had the authority to authorize Ms. Daniel to assist him to accept service of process on behalf of Defendant. We therefore conclude that the personal delivery of the Summons and Complaint on Ms. Daniel constituted sufficient service of process on the registered agent of Defendant and therefore constituted service of process on Defendant. Accordingly, the Superior Court of Walton County, Georgia had *in personam* jurisdiction over Defendant and the resulting Georgia judgment is neither void nor voidable and is entitled to full faith and credit pursuant to the Uniform Enforcement of Foreign Judgments Act, Tenn.Code Ann. § 26–6–101.[4]

The judgment of the Circuit Court is affirmed, and this matter is remanded with costs of appeal assessed against Defendant, Precision Aerodynamics, Inc.

---

4. We were also presented with other issues, which are rendered moot by the foregoing decision.