IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 28, 2023 Session

**SHELIA ROBERTS ON BEHALF OF THOMAS SAM EDWARDS v. NATHAN HINKLE, M.D.**

**Appeal from the Circuit Court for Shelby County**
**No. CT-4206-20      Cedrick D. Wooten, Judge**

_____

**No. W2022-01714-COA-R3-CV**

_____

This case involves a motion to dismiss for insufficiency of service of process and for expiration of the statute of limitations. The plaintiff filed this health care liability suit against a defendant physician. A process server went to the defendant's office to serve him, and after the process server was unable to locate the defendant, he served the summons and complaint on an employee of the hospital where the defendant's office was located. The defendant answered the complaint and raised the defense that there was insufficient service of process. More than a year after the complaint was filed, the defendant filed a motion to dismiss. The trial court granted the defendant's motion, finding that the plaintiff failed to properly serve the defendant and that the statute of limitations had run on the health care liability action. The plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN and KENNY W. ARMSTRONG, JJ., joined.

Daniel M. Czamanske, Jr., Clarksdale, Mississippi, for the appellant, Shelia Roberts.

Marcy D. Magee and Natalie M. Bursi, Memphis, Tennessee, for the appellee, Nathan Hinkle, M.D.

**OPINION**

**I. FACTS AND PROCEDURAL HISTORY**

In October 2020, Thomas Sam Edwards filed a complaint against Nathan Hinkle,

M.D.; Methodist Hospital — Germantown; and Methodist Healthcare — Memphis Hospitals.[1][2]  In his complaint, Mr. Edwards alleged that the treatment he received in connection with a June 2019 surgery fell below the recognized standard of accepted practice within the profession and that as a direct and proximate result of the defendants' negligence, he suffered injuries.

In November 2020, Dr. Hinkle filed an answer to the complaint, denying liability. Dr. Hinkle also raised the affirmative defense of insufficient service of process.  Dr. Hinkle alleged that the complaint was not served in any manner outlined in Tennessee Rule of Civil Procedure 4.04 because the individual who signed the summons was not an agent authorized by appointment or by law to receive service on behalf of Dr. Hinkle.

In March 2022, Dr. Hinkle filed a motion to dismiss Mr. Edwards's claim against him with prejudice.  In support of the motion, Dr. Hinkle filed a memorandum of law.  Dr. Hinkle argued that Mr. Edwards failed to serve the summons and complaint on him, and thus, Mr. Edwards could not rely on the complaint to toll the one-year statute of limitations for health care liability actions.  *See* Tenn. Code Ann. § 29-26-116(a)(1). Attached to the motion was a photocopy of the return of service of the summons.  The return indicated that the process server delivered a copy of the summons and the complaint to Dangelis Paden, who signed the return.  Next to Mr. Paden's signature were notations that read "Accepting for Dr. Nathan Hinkle[,]" and "They said they were expecting this[.]"  The return further indicated that service was made in October 2020 at "Methodist Hospital / Healthcare" and that "service [was] accepted by Chief of OPs[.]"  Additionally, Dr. Hinkle filed an affidavit wherein he stated that he was not personally served with the summons and a copy of the complaint.  Dr. Hinkle further stated that the "Chief of OPs" did not have authority and has never been appointed to accept service of process on his behalf.

In May 2022, Dangelis Paden was deposed.  Mr. Paden stated that when he received the summons from the process server, he was working as the Director of Operations for "the UT Medical Physicians."  On the day that the process server arrived, he received a phone call that there was a process server for Dr. Hinkle and that Dr. Hinkle was not available.  Mr. Paden walked over to the building where the surgery oncology division had its offices.  A worker from the front desk told him that there was paperwork for Dr. Hinkle being served and that she would not sign for it, so Mr. Paden went over and signed the documents.  After signing, he brought a copy of the summons back to his office, and he notified Dr. Hinkle that he had accepted it for him, but Dr. Hinkle did not tell him that he was not authorized to accept it.

---

[1] In July 2021, Mr. Edwards voluntarily dismissed his claims against Methodist Hospital – Germantown and Methodist Healthcare – Memphis Hospitals.

[2] In August 2022, Mr. Edwards died.  Thereafter, the trial court entered an order substituting Sheila Roberts, the executrix of Mr. Edwards's estate, as the plaintiff.  Although Ms. Roberts was substituted as the plaintiff, in order to maintain consistency and clarity, this opinion will refer to the plaintiff and appellant as Mr. Edwards.

Mr. Paden stated that he had accepted service before for some of the physicians about three or four times. He recalled that there used to be a practice that when a process server would arrive at the office, he would send the process server to the corporate building at another address. However, he stated that he quit sending process servers to the corporate building after the senior director told him to not send anyone over there and to accept and sign the documents and give them to the provider. Mr. Paden clarified, however, that although he had received service for other physicians, he had never accepted service on behalf of a physician in the oncology division until this action. He further stated that Dr. Hinkle had never told him that he could accept service on his behalf, and his understanding that he could accept service did not come from a conversation that he had with Dr. Hinkle.

In August 2022, Dr. Hinkle deposed Steve English, the process server. Mr. English stated that before he entered the location listed on the summons to serve Dr. Hinkle, he first attempted to call the office to make sure Dr. Hinkle was there. However, he called the Germantown office instead of the location in downtown Memphis, and someone from the Germantown office told him that Dr. Hinkle was at the downtown location seeing patients. He entered the building at the downtown location and asked for Dr. Hinkle, and the office workers told him that Dr. Hinkle was not there. Mr. English further said that the workers behind the counter at the office "acted like they weren't going to try to find him." He remembered asking if there was an office manager or someone in charge of the office there. He recalled that Mr. Paden said that he was familiar with what was going on, and Mr. English asked if he could accept service for Dr. Hinkle, and Mr. Paden said yes. Mr. English said that Mr. Paden signed the form for Dr. Hinkle. Mr. English further stated that he never met or talked to Dr. Hinkle, and Mr. Paden never told him that Dr. Hinkle had appointed him as an agent to accept service.

In November 2022, after a hearing, the trial court entered an order granting Dr. Hinkle's motion to dismiss. The court found that Mr. Edwards did not serve Dr. Hinkle pursuant to Tennessee Rule of Civil Procedure 4.04 because Mr. Edwards failed to meet his burden of proof that Dr. Hinkle evaded service or that Dr. Hinkle authorized Mr. Paden to accept service of process on his behalf. In the order, the court stated that because service of process was ineffective and because over one year had elapsed since the issuance of the summons, Mr. Edwards could not rely on the filing of the complaint to toll the statute of limitations. Thus, the court ruled that Mr. Edwards's claims were time-barred. Thereby, the court dismissed with prejudice Mr. Edwards's claim against Dr. Hinkle. Mr. Edwards subsequently appealed.

## II. ISSUES PRESENTED

Mr. Edwards presents the following issues on appeal, which we have slightly restated:

1. Whether the trial court erred in finding that the summons to Dr. Hinkle was not served pursuant to Tennessee Rule of Civil Procedure 4.04;

2. Whether the trial court erred in finding that Dangelis Paden was not an authorized agent to accept service on behalf of Dr. Hinkle;

3. Whether the trial court erred in finding that Dr. Hinkle did not evade or attempt to evade service.

In his posture as appellee, Dr. Hinkle presents the following issues for review on appeal, which we have slightly restated:

1. Whether the trial court properly dismissed this lawsuit with prejudice because the plaintiff did not serve Dr. Hinkle with the summons and complaint pursuant to the Tennessee Rules of Civil Procedure, failed to meet his burden of proving that Dr. Hinkle evaded or attempted to evade service during the plaintiff's attempted service on him, and therefore, could not rely on the filing of the original complaint to toll the statute of limitations;

2. Whether the trial court properly found that the plaintiff failed to meet his burden of proving that Dr. Hinkle expressly or impliedly authorized Dangelis Paden to accept service of process by appointment or by law pursuant to Tennessee Rule of Civil Procedure 4.04(1).

For the following reasons, we affirm the decision of the trial court.

### III. STANDARD OF REVIEW

The trial court granted Dr. Hinkle's motion to dismiss for insufficiency of service of process and for expiration of the statute of limitations. Tennessee Rule of Civil Procedure 12.02 provides:

> If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

This general rule, however, is inapplicable to motions to dismiss involving jurisdictional issues such as service of process. *Meersman v. Regions Morgan Keegan Tr.*, No. M2017-02043-COA-R3-CV, 2018 WL 4896660, at *3 (Tenn. Ct. App. Oct. 9, 2018) (citing *Nicholstone Book Bindery, Inc. v. Chelsea House Publishers*, 621 S.W.2d 560, 561 n.1 (Tenn. 1981)). "In other words, when ruling on motions to dismiss regarding service of process, 'a trial court may properly consider matters outside the pleadings without converting the motion to one for summary judgment.'" *Davis v. Grange Mut. Cas. Grp.*,

- 4 -

No. M2016-02239-COA-R3-CV, 2017 WL 4331041, at *2 (Tenn. Ct. App. Sept. 28, 2017) (quoting *Fisher v. Ankton*, No. W2016-02089-COA-R3-CV, 2017 WL 3611035, at *3 (Tenn. Ct. App. June 27, 2017)). In cases involving jurisdictional issues regarding service of process, "we view all factual allegations in the complaint as true and review the trial court's conclusions of law de novo with no presumption of correctness." *Meersman*, 2018 WL 4896660, at *3 (quoting *Davis*, 2017 WL 4331041, at *2).

However, "[t]he same is not true of motions to dismiss predicated on the expiration of the statute of limitations as they may be properly raised as a motion to dismiss for failure to state a claim upon which relief may be granted." *Davis*, 2017 WL 4331041, at *2. Therefore, motions to dismiss raising the defense of the expiration of the statute of limitations may be converted to motions for summary judgment where the trial court considers matters outside the pleadings. *Id.* The standard of review for a trial court's grant of summary judgment is *de novo*, with no presumption of correctness. *Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). We must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (citing Tenn. R. Civ. P. 56.04). Moreover, "a summary judgment motion is granted when 'the facts and reasonable inferences from those facts would permit a reasonable person to reach only one conclusion.'" *Davis*, 2017 WL 4331041, at *3 (quoting *Cohen v. Didier*, No. M2013-01370-COA-R3-CV, 2014 WL 4102380, at *4 (Tenn. Ct. App. Aug. 19, 2014)). Here, the trial court considered this case "through the lens of [Dr. Hinkle's] motion to dismiss[.]" *Id.* Nevertheless, the undisputed facts in this case established that under both standards the trial court did not err in dismissing Mr. Edwards's complaint against Dr. Hinkle. *See id.*

## IV. DISCUSSION

Tennessee Rule of Civil Procedure 4.04 sets forth the proper methods for service of process, stating in pertinent part:

> The plaintiff shall furnish the person making the service with such copies of the summons and complaint as are necessary. Service shall be made as follows:
>
> (1) Upon an individual other than an unmarried infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies

- 5 -

to an agent authorized by appointment or by law to receive service on behalf of the individual served.

"Tennessee law directs that Rule 4.04 . . . is to be strictly construed." *Hall v. Haynes*, 319 S.W.3d 564, 571 (Tenn. 2010). Although personal service of process is the preferred method of service upon an individual defendant, service may also be had upon "an agent authorized by appointment or by law to receive service on behalf of" the defendant. *Milton v. Etezadi*, No. E2012-00777-COA-R3-CV, 2013 WL 1870052, at *6 (Tenn. Ct. App. May 3, 2013) (quoting *Hall*, 319 S.W.3d at 572). However, "actual notice of the lawsuit is not 'a substitute for service of process when the Rules of Civil Procedure so require.'" *Hall*, 319 S.W.3d at 572 (quoting *Frye v. Blue Ridge Neurosci. Ctr., P.C.*, 70 S.W.3d 710, 715 (Tenn. 2002)).

It is undisputed that Mr. English did not serve Dr. Hinkle personally and instead served Mr. Paden with the summons and complaint. Accordingly, for service of process to be effective in this case, Mr. Paden must have been appointed an agent to accept service on behalf of Dr. Hinkle. *Hall*, 319 S.W.3d at 572 ("In the workplace context, service is not effective when another employee whom the individual defendant has not appointed as an agent for service of process nonetheless accepts process on the defendant's behalf."). "An individual may appoint an agent for the purpose of receiving service of process, giving that agent either actual or implied authority." *Warren Bros. Sash & Door Co. v. Santoro Custom Builders, Inc.*, M2019-00374-COA-R3-CV, 2020 WL 91635, at *5 (Tenn. Ct. App. Jan. 2020). A principal expressly gives actual authority "in direct terms, either orally or in writing." *Hall*, 319 S.W.3d at 573 (citing *Rubio v. Precision Aerodynamics, Inc.*, 232 S.W.3d 738, 742-43 (Tenn. Ct. App. 2006)). "Implied authority, by contrast, 'embraces all powers which are necessary to carry into effect the granted power, in order to make effectual the purposes of the agency.'" *Id.* (quoting *Rubio*, 232 S.W.3d at 743). Implied authority can be "circumstantially established through conduct or a course of dealing between the principal and agent." *Id.* (citing *Bells Banking Co. v. Jackson Ctr., Inc.*, 938 S.W.2d 421, 424 (Tenn. Ct. App. 1996)). "Implied authority must be predicated, 'on some act or acquiescence of the principal,'" rather than on the actions of the agent. *Id.* (quoting *Bells Banking Co.,* 938 S.W.2d at 424 (quoting 2A C.J.S. Agency § 153 (1972))). With respect to service of process, "the record must contain 'evidence that the defendant intended to confer upon [the] agent the specific authority to receive and accept service of process for the defendant.'" *Id.* (quoting *Arthur v. Litton Loan Servicing LP,* 249 F.Supp.2d 924, 929 (E.D. Tenn. 2002)).

This Court has examined whether a person receiving service was an agent authorized to receive service of process on another's behalf a number of times. For instance, in *Milton v. Etezadi*, the plaintiff filed a medical malpractice action against his physician. *Milton*, 2013 WL 1870052, at *1. Service of process was not made on the defendant personally, but instead it was made on the physician's office manager. *Id.* at *5. Shortly thereafter, the plaintiff voluntarily dismissed his claims without prejudice and

refiled his lawsuit. *Id.* at *1. Upon the defendant's motion to dismiss, the trial court found that there was no service of process in the original action on any appointed agent for the defendant and granted the defendant's motion to dismiss. *Id.* at *2. The plaintiff appealed. *Id.* We affirmed the trial court's finding that there was no effective service of process because the office manager was not an authorized agent of the defendant for receipt of service of process. *Id.* at *6. We reasoned that the plaintiff had the burden of proof on the issue and that there was no evidence in the record that the defendant intended to confer upon his office manager the specific authority to receive and accept service of process on his behalf. *Id.* Therefore, we held that because there was insufficient service of process in the original action, the plaintiff could not rely on the filing of the action to toll the one-year statute of limitations or rely on the savings statute. *Id.* Thus, we affirmed the trial court's dismissal of the plaintiff's claims. *Id.*

By contrast, in *Warren Brothers Sash & Door Company v. Santoro Custom Builders, Inc.*, we held that the individual who received service was an agent authorized by appointment to receive service of process on behalf of another. *Warren Bros. Sash & Door Co.*, 2020 WL 91635, at *5. The plaintiff filed a complaint against a construction company and the company's owner. *Id.* at *1. The process server attempted service on the owner at the construction company's offices. *Id.* The summons return stated, "read to and left a copy at the business with Melissa Jackson." *Id.* After the defendants failed to answer or make an appearance in the matter, the trial court entered default judgment in favor of the plaintiff. *Id.* The owner subsequently filed a motion to quash service and to vacate the default judgment, asserting that he was never served with the complaint and, among other things, that Ms. Jackson "is not and never has been an agent by appointment or by law to receive service on behalf [of him], individually." *Id.* The trial court found that Ms. Jackson had acted with authority when she accepted service of process on behalf of the owner, and thus, the court determined that the default judgment was not void for lack of service. *Id.* at *3. The owner subsequently appealed. *Id.* We affirmed the trial court's finding that Ms. Jackson had authority to accept process for the owner. *Id.* at *5. We noted that Ms. Jackson had accepted service of process on behalf of the owner in prior, unrelated actions and that the owner had acquiesced to Ms. Jackson's action in those instances by not contesting this service. *Id.* Thus, we agreed with the trial court's statement that the owner "cannot selectively determine after the fact when Ms. Jackson has the authority to accept service on his behalf and when she does not." *Id.*

Here, Mr. Edwards argues that the trial court erred in determining that he failed to meet his burden of proof that Dr. Hinkle expressly or impliedly authorized Mr. Paden to accept service of process by appointment or by law pursuant to Tennessee Rule of Civil Procedure 4.04(1). Specifically, Mr. Edwards asserts that because Mr. Paden knew that he was signing a summons, was directed to accept service for the physicians, and was not told by Dr. Hinkle that he should not accept service on his behalf, Mr. Paden was an authorized agent to accept service of process for Dr. Hinkle.

Upon review of the record before us, we cannot agree with Mr. Edwards's argument. Dr. Hinkle, in his affidavit, stated that he had not authorized Mr. Paden to accept service of process for him. Mr. Paden also stated that Dr. Hinkle had never told him that he could accept service on his behalf. Thus, Mr. Paden did not have actual authority to accept service on behalf of Dr. Hinkle. *See Hall*, 319 S.W.3d at 573.

Moreover, Mr. Paden did not have implied authority to accept service for Dr. Hinkle. Mr. Edwards presented no evidence that Dr. Hinkle intended to confer upon Mr. Paden the specific authority to receive and accept service for him or that Mr. Paden had previously accepted service for Dr. Hinkle. In his deposition, Mr. Paden stated that his understanding that he could accept "paperwork" for other physicians was based on the fact that he had received service for other physicians from other divisions, but this understanding did not arise from any conversation he had with Dr. Hinkle. Furthermore, although Dr. Hinkle, after being informed that Mr. Paden signed the summons, did not tell Mr. Paden that he should not accept service on his behalf, Dr. Hinkle contested the service by raising the affirmative defense of insufficiency of service of process in his answer and stating that "[t]he individual who signed the summons was not an agent authorized by appointment or by law to receive service on [his] behalf . . . ." As such, Mr. Edwards has not presented sufficient proof of any "act or acquiescence" *by Dr. Hinkle* to establish that an agency relationship existed for service of process. *See Hall*, 319 S.W.3d at 573 (quoting *Bells Banking Co.*, 938 S.W.2d at 424) ("Implied authority must be predicated 'on some act or acquiescence of the principal,' rather than the actions of the agent."); *Meersman*, 2018 WL 4896660, at *7 ("[T]he requisite authority to accept service cannot be established through the actions of the agent."). Thus, the trial court correctly determined that Mr. Paden did not have express or implied authority to accept service of process on behalf of Dr. Hinkle. Therefore, delivery to Mr. Paden of the summons and complaint did not comply with Tennessee Rule of Civil Procedure 4.04(1).

The trial court found that "[b]ecause service of process of the [s]ummons and [c]omplaint were ineffective in this matter and because over one year has lapsed since the issuance of the [s]ummons, [Mr. Edwards] cannot rely on the filing of the [c]omplaint to toll the statute of limitations, . . ." Tennessee Rule of Civil Procedure 3 provides:

> All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

As previously discussed, because Mr. Paden was not an authorized agent to accept service of process for Dr. Hinkle, Mr. Edwards did not effectively serve Dr. Hinkle in this matter. For this reason, he cannot rely on the filing of his complaint in 2020 to toll the statute of limitations. *See Milton*, 2013 WL 1870052, at *6 ("Because there was insufficient service of process in the original action, Mr. Milton cannot rely on the filing of that action to toll the one-year statute of limitations . . . ."). Thus, the one-year statute of limitations for health care liability actions has run. *See* Tenn. Code Ann. § 29-26-116(a)(1) ("The statute of limitations in health care liability actions shall be one (1) year . . ."). Accordingly, the trial court did not err in granting Dr. Hinkle's motion to dismiss with prejudice. Based upon this ruling, the issue regarding whether Dr. Hinkle evaded service of process is pretermitted.

## V. CONCLUSION

For the aforementioned reasons, we affirm the decision of the circuit court. Costs of this appeal are taxed to the appellant, Sheila Roberts, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE