IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 18, 2025 Session

# DAWSON YOUNG ET AL. v. JACKSON RADIOLOGY ASSOCIATES, A PROFESSIONAL ASSOCIATION

**Appeal from the Circuit Court for Madison County**
**No. C-22-219     Kyle C. Atkins, Judge**

—————————————————————

**No. W2024-01815-COA-R9-CV**

—————————————————————

The sole issue in this interlocutory appeal is whether the plaintiffs properly served the corporate defendant with process. The trial court determined that plaintiffs did so because the employee who signed for the documents was an appointed subagent of the defendant's registered agent. Having reviewed the record and relevant authorities, we reverse.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Reversed; Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Marty R. Phillips, Michelle Greenway Sellers, and Craig P. Sanders, Jackson, Tennessee, for the appellant, Jackson Radiology Associates, P.A.

Thomas R. Greer, J. Vance Montgomery, and Noorhan Alhussaini Taube, Memphis, Tennessee, for the appellees, Madison Young and Garrett Young.

## OPINION

### BACKGROUND

Although this case stems from a medical malpractice action, the sole issue on appeal is a procedural question dealing with service of process on a corporate defendant. The relevant facts are largely undisputed. On September 8, 2022, Madison Young and Garrett Young ("Plaintiffs") filed a healthcare liability action against Timothy Crossett, M.D., and Jackson Radiology Associates, P.A. ("Jackson Radiology") in the Circuit Court for Madison County (the "trial court"). Plaintiffs attempted service on Dr. Crossett and

Jackson Radiology via certified mail. On September 28, 2022, the summons and complaint for Jackson Radiology, which was sent via unrestricted certified mail, arrived at Jackson Radiology. Employee Rita Autry signed the return receipt attached to the documents. Ms. Autry is undisputedly not Jackson Radiology's registered agent for service of process. Rather, office administrator Sarah-Gray Edwards is the registered agent. During her deposition, Ms. Autry testified that per the normal course of business, she would have taken the documents, unopened, to Ms. Edwards' office and left them on her desk.

On October 26, 2022, seven days after Plaintiffs filed the return receipts reflecting Ms. Autry's signature on the return receipts, Jackson Radiology and Dr. Crossett filed their Answer, both asserting insufficiency of service of process as a defense. Jackson Radiology specifically asserted that "[p]ersonal service has not been made upon Sarah-Gray Edwards [the Registered Agent for Jackson Radiology] as required by Tennessee Rule of Civil Procedure 4 [] because the person on whom the Complaint was served was not authorized to accept service for Jackson Radiology." As such, Jackson Radiology asserted that the one-year statute of limitations, codified at Tennessee Code Annotated section 29-26-116, had lapsed. Following the running of the three-year statute of repose, Jackson Radiology was granted leave to amend its answer to assert that the three-year Statute of Repose set out in Tennessee Code Annotated section 29-26-116(a)(3) was a complete bar to all of Plaintiffs' claims.

Jackson Radiology and Dr. Cossett moved for summary judgment on January 5, 2024, alleging insufficient service of process, the running of the one-year statute of limitations, and the running of the three-year statute of repose. The trial court heard the motion for summary judgment on May 28, 2024. By order of August 1, 2024, the trial court granted Dr. Crossett's motion for summary judgment but denied Jackson Radiology's motion. In denying Jackson Radiology's motion, the trial court held that "[Ms.] Autry had implied authority to accept service of process on behalf of Jackson Radiology" because "[a]s part of her job duties and responsibilities, [Ms.] Autry accepts all mail, including certified mail, for Jackson Radiology Associates and delivers it to the registered agent for service of process[.]" Accordingly, the trial court determined that Jackson Radiology received "adequate notice" of the lawsuit.

On August 29, 2024, Jackson Radiology filed a motion for interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9. The trial court granted the motion on December 2, 2024. On January 3, 2025, this Court granted the Rule 9 application for permission to appeal.

## ISSUES

The sole issue before the Court is whether the trial court erred in denying Jackson Radiology's motion for summary judgment.

## STANDARD OF REVIEW

The trial court decided this case by summary judgment. A trial court may grant summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The propriety of a trial court's summary judgment decision presents a question of law, which we review de novo with no presumption of correctness. *Kershaw v. Levy*, 583 S.W.3d 544, 547 (Tenn. 2019).

"The moving party has the ultimate burden of persuading the court that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). As our Supreme Court has instructed,

> when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense.

*Rye v. Women's Care Ctr. of Memphis*, 477 S.W.3d 235, 264 (Tenn. 2015). "[I]f the moving party bears the burden of proof on the challenged claim at trial, that party must produce at the summary judgment stage evidence that, if uncontroverted at trial, would entitle it to a directed verdict." *TWB Architects, Inc. v. Braxton, LLC*, 578 S.W.3d 879, 888 (Tenn. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986)).

When a party files and properly supports a motion for summary judgment as provided in Rule 56, "to survive summary judgment, the nonmoving party may not rest upon the mere allegations or denials of its pleading, but must respond, and by affidavits or one of the other means provided in [] Rule 56, set forth specific facts . . . showing that there is a genuine issue for trial." *Rye*, 477 S.W.3d at 265 (internal quotation marks and brackets in original omitted). "Whether the nonmoving party is a plaintiff or a defendant—and whether or not the nonmoving party bears the burden of proof at trial on the challenged claim or defense—at the summary judgment stage, '[t]he nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.'" *TWB Architects*, 578 S.W.3d at 889 (quoting *Rye*, 477 S.W.3d at 265). "This court will affirm the trial court's summary judgment if it finds that the trial court reached the correct result, 'irrespective of the reasons stated.'" *Wood v. Parker*, 901 S.W.2d 374, 378 (Tenn. Ct. App. 1995) (quoting *Clark v. Metro. Gov't of Nashville and Davidson Cnty.*, 827 S.W.2d 312, 317 (Tenn. Ct. App. 1991)).

DISCUSSION

The sole issue in this case is whether Plaintiffs properly served defendant Jackson Radiology with process before the applicable statute of limitations lapsed. Service of process on a corporation is done "by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation." Tenn. R. Civ. P. 4.04(4). Here, Plaintiffs attempted service of process by certified mail. *See id.* § 4.04(10) (providing that process may be served by sending, "postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant"). Service by mail is complete when "the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute . . ." Tenn. R. Civ. P. 4.03(2).

Here, the trial court found that Plaintiffs properly served Jackson Radiology because Ms. Autry was a designated subagent for purposes of accepting service of process. The trial court's order provides, as relevant, that Ms. Autry

> had implied authority to accept service of process on behalf of Jackson Radiology []. As part of her job duties and responsibilities, [Ms.] Autry accepts all mail, including certified mail, for Jackson Radiology [] and delivers it to the registered agent for service of process for Jackson Radiology []. This is how the registered agent chose to receive mail. The Court finds that the purpose of Rule 4 of the Tennessee Rules of Civil Procedure is to make sure process is served in a manner reasonably calculated to give adequate notice of the litigation and that service gets to the appropriate party. That was ultimately done in this case.

Plaintiffs defend the trial court's ruling on appeal, arguing that Ms. Autry had implied authority to accept service of process because she signed for delivery of legal documents in the past and because no one in the office specifically told her she was not authorized to accept service of process. Jackson Radiology, on the other hand, argues that implied authority to accept certified mail does not equate to implied authority to accept service of process. Jackson Radiology maintains that this case is controlled by our Supreme Court's opinion *Hall v. Haynes*, 319 S.W.3d 564 (Tenn. 2010), while Plaintiffs urge that *Hall* is distinguishable. An examination of that case is therefore helpful.

*Hall* is also a medical malpractice action. The plaintiffs filed suit on August 5, 2005, and the court clerk issued summonses the same day. *Id.* at 567. The corporate defendant, MedSouth Healthcare, P.C., had a registered agent identified as Stevens Melton, M.D. *Id.* The person who signed the summons for MedSouth, however, was Michelle Pruitt. *Id.* at 568. Ms. Pruitt was a customer service agent who "checked in patients and assisted with

billing inquiries." *Id.* at 567–68. Ms. Pruitt "ordinarily signed only for medical records but not for other mail." *Id.* at 568.

Soon thereafter, the plaintiffs filed an amended complaint which they attempted to serve by certified mail. *Id.* Again, the plaintiffs addressed the summons for MedSouth to the registered agent, Dr. Melton. *Id.* This time, however, an accounts payable clerk, Debbie Funderburk, signed the return receipt upon delivery of the documents. *Id.* Ms. Funderburk then took the envelope to Dr. Melton's mailbox. *Id.* During depositions, MedSouth employees testified that Ms. Pruitt and Ms. Funderburk "were not officers or managing agents of MedSouth nor otherwise authorized agents to accept service of process on its behalf" and that their duties were "secretarial or clerical in nature . . ." *Id.* at 569. When MedSouth answered the lawsuit, it alleged lack of service of process as an affirmative defense. *Id.* at 570. Several months later, after the statute of limitations for the lawsuit had run, MedSouth filed a motion for summary judgment, arguing that "the Halls did not timely serve [MedSouth], *see* Tenn. R. Civ. P. 3, because the Halls did not serve individuals authorized to accept service on [its] behalf . . ." *Id.* The trial court denied MedSouth's motion, but this Court accepted the case on an interlocutory appeal and reversed the trial court. We held that "the Halls did not effectuate service of process on [MedSouth] either by in-person delivery to . . . Pruitt or by the delivery of certified mail signed for by Funderburk." *Id.*

Our Supreme Court affirmed this Court's holding, reasoning that neither the in-person delivery nor delivery by certified mail amounted to appropriate service. The High Court explained that "Rule 4.04(4) designates 'an officer or managing agent . . .[,] the chief agent in the county wherein the action is brought, or . . . any other agent authorized by appointment or by law to receive service on behalf of the corporation' as appropriate individuals to receive process for a corporate defendant." *Id.* at 581. The proof "uniformly" showed that Funderburk was not MedSouth's authorized agent for service of process; thus, the dispositive question was "whether [Ms.] Funderburk . . . was authorized by Dr. Melton as his subagent for performing his duties as registered agent." *Id.* at 581–82. Indeed, a principal can, through implied authority, appoint a subagent for purposes of accepting service of process. *Id.* at 573 (citing *Rubio v. Precision Aerodynamics, Inc.*, 232 S.W.3d 738, 742–43 (Tenn. Ct. App. 2006)).

The *Hall* Court answered this question in the negative, holding that "a corporate agent with the authority to sign for and receive the corporation's certified mail does not, without more, qualify as an agent authorized by appointment to receive service of process on behalf of a corporate defendant." *Id.* at 583–84. The Court further noted that the record in *Hall* "provides no support for the kind of subagency relationship" sufficient for Ms. Funderburk to be able to accept service. *Id.* at 584. Further, "[n]either Dr. Melton nor [Ms.] Funderburk offered any testimony that would suggest Dr. Melton appointed [Ms.] Funderburk as his subagent to perform any of his duties as registered agent." *Id.* Thus, the

Court concluded that the Halls failed to serve MedSouth and "failed to comply with the relevant provisions of Tennessee Rule of Civil Procedure 4." *Id.*

There is no meaningful difference in the facts of *Hall* and the facts of the case now before us. Here, a clerical employee with no managerial authority signed the summons on Jackson Radiology's behalf. She then carried the documents to the office of the registered agent, Sarah-Gray Edwards, and left the documents on Ms. Edwards' desk. The deposition testimony of the Jackson Radiology employees uniformly provides that although Ms. Autry was authorized to sign for certified mail, she was not authorized to accept service of a lawsuit in place of Ms. Edwards. Plaintiffs point to nothing in the record showing that Ms. Edwards appointed Ms. Autry as a subagent for this purpose. While Plaintiffs insist such agency is implied, the record does not support that contention. *Hall* is clear that "the authority to sign for and receive the corporation's certified mail does not, *without more*," render someone a subagent for purposes of service. *Id.* at 583–84 (emphasis added). Because Plaintiffs point to nothing more than Ms. Autry's ability to sign for certified mail and other legal documents, they have not distinguished this case from *Hall*.

In addition to arguing that *Hall* is distinguishable, Plaintiffs assert that this matter is analogous to *Warren Bros. Sash & Door Co. v. Santoro Custom Builders, Inc.*, No. M2019-00374-COA-R3-CV, 2020 WL 91635 (Tenn. Ct. App. Jan. 8, 2020). That case is not analogous, however. In *Warren Bros.*, the defendant's personal secretary accepted service of process on his behalf, and the trial court and this Court found that the defendant conferred implied authority on the secretary to do so. 2020 WL 91635, at *5. We found that the secretary "accepted service of process on [the defendant's] behalf in prior, unrelated actions; that [the defendant] acquiesced to [the secretary's] actions in those instances; and that [the defendant] conferred implied authority on [the secretary] to act as his agent for service of process." *Id.* None of those facts are present here. Ms. Autry testified that she has never accepted service of process before and that she would not know what to do with a lawsuit if served with one. Ms. Edwards and Dr. Crossett both testified that Ms. Autry was not authorized to accept service of process and that this has never been part of her duties. Although Plaintiffs point out that no one ever told Ms. Autry specifically that she could not accept service of process, this is splitting hairs. Per her testimony, and unlike the secretary in *Warren Bros.*, Ms. Autry knew she was not authorized to accept service of process on behalf of Jackson Radiology or any physicians.

Alternatively, Plaintiffs assert that Ms. Autry served the registered agent, Ms. Edwards, by hand delivering the summons and complaint to Ms. Edwards' office. In their brief, Plaintiffs argue that "[n]owhere do the Tennessee Rules of Civil Procedure state or suggest that the mail carrier is the person who must deliver the envelope directly into the hands of the registered agent." We are unpersuaded. Rule 4.03(2) provides that "[i]f the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute, service on the defendant shall be complete. If not, service by mail may be attempted again or other methods authorized by these rules or by statute may be used." Thus, service

by mail is not complete if not signed by a person designated under Rule 4.04. As we have already addressed above, the summons in this case was signed by Ms. Autry, a person not so designated. Accordingly, service by mail was not completed per the Tennessee Rules of Civil Procedure. Plaintiffs also claim that Jackson Radiology engineered a situation in which it was functionally impossible to serve the proper person, because Ms. Autry and others work at Jackson Radiology's front desk, where mail is received, while Ms. Edwards is in and out of the office and does not work at the front desk. Nonetheless, as the *Hall* Court pointed out, Tennessee law

> does not preclude a plaintiff from serving process on a corporation by mail. *A plaintiff may restrict delivery to any of the individuals designated in Rule 4.04(4).* Furthermore, in the event that service by mail is unsuccessful, Rule 4.03(2) expressly allows the plaintiff to try service by mail again or use another method of process service authorized by our Rules.

319 S.W.3d at 584 (emphasis added). Consequently, Plaintiffs' arguments are unpersuasive.

Having determined that Plaintiffs did not effectively serve Jackson Radiology, the trial court's judgment is reversed. Inasmuch as the time for Plaintiffs to bring their claims against Jackson Radiology has well passed, Plaintiffs' suit is time barred and must be dismissed.

## CONCLUSION

The ruling of the Circuit Court for Madison County is reversed, and this case is remanded to the trial court for proceedings consistent with this opinion. Costs on appeal are assessed to the appellees, Madison Young and Garrett Young, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE